212 So.2d 558 (1968)
OMAHA STEAKS INTERNATIONAL
v.
PROGRESSIVE MOTOR HOTEL d/b/a Oak Manor Motor Hotel.
No. 7511.
Court of Appeal of Louisiana, First Circuit.
July 1, 1968.
Doris Gates Rankin, Baton Rouge, for plaintiff-appellant-respondent.
John Dale Powers of Sanders, Miller, Downing & Kean, Baton Rouge, for defendant-appellee-mover.
Before LOTTINGER, SARTAIN and ELLIS, JJ.

ON MOTION TO DISMISS
LOTTINGER, Judge.
Omaha Steaks International, plaintiff-appellant, filed suit in the City Court for the City of Baton Rouge, Louisiana, against Progressive Motor Hotel, d/b/a Oak Manor Motor Hotel, which suit was dismissed by the Trial Court. From this judgment of dismissal, the plaintiff-appellant has taken this appeal.
The defendant-appellee, Progressive Motor Hotel d/b/a Oak Manor Motor Hotel, has filed in this Court a motion to dismiss the appeal on the grounds that "The record filed in this matter contains neither a transcript of testimony, nor an agreed statement of fact entered into by the parties, nor a narration of facts by the Trial Court."
The plaintiff-appellant argues in brief that the Clerk of the Trial Court was taking shorthand notes throughout the trial of this matter, and why these notes were not transcribed and placed in the record is not known to the appellant. The appellant further contends that he should not be charged with the omission from the record of any transcription of the testimony.
LSA-C.C.P. Art. 2130 provides:
"A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as a statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131."
And, LSA-C.C.P. Art. 2131 provides:
"If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to *559 the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive."
In Clark v. Richardson, 157 So.2d 325 (La.App.3rd Cir., 1963), a case of most similar circumstances, the Court held:
"Where on appeal the record does not contain the testimony of the witnesses, nor in lieu thereof a written narrative of the facts, and the correctness of the trial court judgment depends upon the oral testimony, an appellate court will dismiss the appeal, if timely motion to do so is filed by the appellee; the presumption being that the trial court judgment is correct, so that therefore there is nothing in the record for the appellate court to review. (Cases cited).
"The basis for the dismissal of the appeal is that under such circumstances the absence of the fact-evidence is a defect or irregularity of the appellate record sufficient to justify dismissal of the appeal, where the absence thereof is imputable to the appellant, who has the primary duty to secure at least a narrative statement of the facts (See LSA-C.C.P. Art. 2131). Essentially, the dismissal of the appeal is based upon the procedural statutory provisions now incorporated as LSA-C.C.P. Art. 3161:

"`An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant, * * *'" (Emphasis by the Court).
The only issue presented is whether the lack of a transcript of the testimony or a narrative of the facts is imputable to the appellant. We have not been presented with nor do we know of any statutory provision which makes it a duty of the Clerk of a City Court to take down in writing the testimony of the witnesses where the Clerk has not been previously requested to do so by one of the parties. And needless to say, if the Clerk voluntarily makes notes of the testimony, there is no duty incumbent upon him to transcribe these notes and to make them part of the record. The plaintiff-appellant has not contended that he requested of the Clerk of the City Court to take down the testimony, but has merely contended that the Clerk was taking shorthand notes throughout the trial of this matter. Therefore, we feel that any omission of a transcript of the testimony, or narrative of the facts, from the record of this case, was not an error of the Clerk of Court, and is therefore imputable to the plaintiff-appellant.
Therefore, for the above and foregoing reasons, the motion to dismiss is granted. All costs of this appeal to be paid for by the plaintiff-appellant.
Appeal dismissed.