236 So.2d 528 (1970)
Clayton B. EDISEN
v.
Mrs. Adele Elvira USKALI, Wife of Clayton B. EDISEN.
No. 4002.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1970.
Rehearing Denied July 6, 1970.
*529 Montgomery, Barnett, Brown & Read, Walter M. Barnett and Peter H. Beer, New Orleans, for plaintiff-appellee.
Sydney J. Parlongue, Philip R. Riegel, Jr., New Orleans, for defendant-appellant.
Before REDMANN, LeSUEUR and DOMENGEAUX, JJ.
LeSUEUR, Judge.
The parties to this action were judicially separated on October 4, 1967, and divorced on October 29, 1968. Each decree vested custody of their three minor children in Mrs. Edisen. On July 15, 1969, the trial court itself, in response to a rule filed by Dr. Edisen, took custody of the minors in loco parentis. A concurrent order was entered awarding temporary custody to Dr. Edisen, and Mrs. Edisen has appealed.
Appellant suggests, at the outset, that there is little precedent for a court assumption of custody in loco parentis under circumstances akin to those at bar. This seems true.
*530 At the same time, we are reluctant to interfere. This court must and will recognize the broad discretion soundly vested in district courts in managing child welfare, just as it respects and recognizes the primacy of child welfare over all secondary considerations in the exercise of that discretion. A unique custody decree demands greater rather than lesser attention to these principles for unique decrees are, in the usual order of things, the product of unique circumstances.
Any number of circumstances may necessitate a greater measure of judicial supervision of child care than that normally enforced. We hold that judicial assumption of custody in loco parentis is reasonably responsive to such circumstances, so long as the principles generally governing child custody are not abused.
Appellant argues, however, that these principles were abused in this case, alleging that the trial court acted arbitrarily without a hearing and without the evidence necessary to support a change of custody. The record will not support these charges.
Rather, it seems clear that a hearing was held. The fact that the hearing was held in chambers pursuant to LSA-C.C.P. Art. 2595 is irrelevant. What is relevant is that all parties were afforded the opportunity to appear and that the court interrogated those whose to do so. As to the substantive weight of the evidence which prompted the trial judge to order a change of custody, we rely once more upon the scope of his discretion.
Indeed, there is little else that could be done, for the record before us contains neither a transcript of the proceedings, nor a fact narrative by the trial court, nor a series of fact stipulations by the parties. These circumstances require dismissal of the appeal. See So-Cam, Inc. v. Atkins, La. App., 189 So.2d 742 (1st Cir. 1966), and Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556.
Accordingly, the appeal is dismissed at appellant's cost.
Appeal dismissed.