284 So.2d 374 (1973)
Caleb HILL, d/b/a Kirby Sales and Service, Plaintiff-Appellee,
v.
Thomas W. SMITH et ux., Defendants-Appellants.
No. 12155.
Court of Appeal of Louisiana, Second Circuit.
October 10, 1973.
*375 Hal V. Lyons, Shreveport, for defendants-appellants.
Love, Rigby, Dehan & Love, by Truly W. McDaniel, Shreveport, for plaintiff-appellee.
Before AYRES, PRICE and HALL, JJ.
HALL, Judge.
This is an appeal from a judgment of the City Court of Bossier City in favor of plaintiff, Caleb Hill, d/b/a Kirby Sales and Service, against defendants, Thomas W. Smith, and Mrs. Thomas Smith, in a suit on a promissory note executed by defendants. The judgment is affirmed.
Plaintiff filed suit against defendants for $322.32, allegedly due on a promissory note in that amount signed by defendants on July 25, 1972. Defendants answered admitting they signed the note but alleging they did so as the result of an aggressive sales campaign carried on by plaintiff at their home one night and alleging they returned the vacuum cleaner purchased by them the next morning and advised plaintiff they had no intention of going through with the sale. On the basis of these facts defendants pled there was no consideration for the note sued on.
The suit was tried and judgment rendered in favor of the plaintiff. The evidence was not transcribed and defendants made no effort to obtain a narrative of facts as provided in LSA-C.C.P. Arts. 2130 and 2131. The only evidence contained in the record lodged in this court is the note sued on, an act of sale and chattel mortgage, and a receipt acknowledging delivery of the vacuum cleaner, all signed by defendants.
Appellants specify as error the trial court's failure to find there was no consideration for the note sued on. Appellants argue that by pleading no consideration the burden shifted to plaintiff to prove consideration which appellants claim plaintiff failed to do. Appellants cite Alexander v. Occhipinti, 251 So.2d 188 (La.App. 4th Cir. 1971).
Alexander v. Occhipinti, supra, is authority for the proposition that in a suit on a negotiable instrument, if the defendant offers evidence casting doubt on the sufficiency of the consideration for the note, the presumption that the note is given for value is rebutted and the burden shifts to the plaintiff to prove consideration by a preponderance of the evidence. However, the cited case is also authority for the proposition that merely pleading failure of consideration in an answer does not impose on the plaintiff the burden of proving consideration.
*376 The record on appeal does not contain a transcript of the evidence, a statement of facts signed by opposing counsel, nor a narrative of facts. The documents in the record lend no support to appellants' position. There being no evidence to review, the presumption is that the judgment of the trial court is supported by sufficient competent evidence. Succession of Walker, 276 So.2d 372 (La.App. 2d Cir. 1973), writs granted, La., 279 So.2d 691 (1973).
It should be noted that the transaction giving rise to this suit took place prior to the effective date of the Louisiana Consumer Credit Law, R.S. 9:3510 et seq. (Act 454 of 1972).
For the reasons assigned, the judgment appealed from is affirmed at appellants' cost.
Affirmed.