288 So.2d 328 (1974)
Succession of Spencer WALKER.
No. 53586.
Supreme Court of Louisiana.
January 14, 1974.
*329 Donald C. Brown, Holloway, Baker, Culpepper, Brunson & Cooper, Jonesboro, for defendants-applicants.
Paul Henry Kidd, Monroe, Leon H. Whitten, Jonesboro, for plaintiffs-respondents.
MARCUS, Justice.
This matter involved a dispute over a one-fourth interest in the intestate succession of Spencer Walker. The issue presented to the district court was whether the second marriage of Walker's half brother, Willie Huey, was in fact putative so as to entitle the descendants of that marriage to share in this succession with the descendants of the first marriage of Willie Huey.
After a hearing in the district court, at which evidence was adduced, judgment was rendered in favor of the descendants of the first marriage, recognizing them as the sole heirs of Willie Huey and, as such, entitled to the ownership of the one-fourth interest in the succession. Descendants of the second marriage perfected an appeal.
Appellants urged, in their brief to the Court of Appeal, that there is a presumption in law that the marriage of Willie Huey and Emma Garr, the alleged putative wife, was contracted in good faith and there was no evidence introduced at trial which would rebut this presumption. The record on appeal contained only the deposition of Emma Garr which was taken by and introduced into evidence by appellees.
Appellees, on the other hand, argued in their brief that the only witnesses who testified on trial of the matter were those called by appellees; that appellants did not testify nor did they produce any witnesses. They contended that the trial court correctly ruled that the second marriage of Willie Huey was contracted in bad faith and was, therefore, not a putative marriage. They further urged that it would be inherently unfair for the Court of Appeal to use only part of the evidence presented (the deposition of Emma Garr) and preclude consideration of the evidence favoring appellees, particularly since the record contained neither a transcript of the evidence nor did appellants seek a narrative of facts under Article 2131 C.C.P.
The Court of Appeal[1] concluded that, since the record contained no transcript, no agreed statement of facts signed by opposing counsel, and no narrative of facts by the trial judge, the judgment of the trial court was presumed to be supported by competent evidence. Particular note was made of the fact that appellants made no complaint that they did not have ample opportunity to present such evidence as was available to them, nor did they request a remand for such purpose.
*330 Appellants then filed an application for rehearing in the Court of Appeal urging that their counsel was enrolled as counsel of record, following the trial on the merits, and counsel was unaware of the oral testimony taken at the trial. They sought a rehearing for consideration of remand in order to include this testimony either by way of transcript or a written narrative of facts.
The application for rehearing was denied and thereafter, upon application of appellants, we granted a writ of review.[2]
We are concerned only with a determination of whether the Court of Appeal erred in failing to remand this matter to the district court for inclusion of the oral testimony adduced therein either by transcript or by a written narrative of facts. Appellants urge that this should be done in the interest of justice and rely upon the holding of the Court of Appeal, Fourth Circuit, in the case of Rigsby v. Rigsby, 180 So.2d 823 (La.App.1965).
A review of the record will be necessary in order to properly resolve this issue.
In the petition for possession filed by the administratrix of the succession, it is averred that, since there was some question as to the validity of Willie Huey's second marriage, the funds due to the heirs of Willie Huey should be deposited in the registry of the court until a proper determination be made. The court appointed an attorney, W. Jackson Emmons, to represent the absent heirs. A judgment of possession was signed on February 11, 1972, in which the heirs of Willie Huey were recognized as owners of a one-fourth interest in the succession property, which portion was ordered deposited in the registry of the court. Pursuant to a petition filed by appellees (descendants of Huey's first marriage) on April 24, 1972, a rule nisi issued, directing appellants to show cause on May 19, 1972 why appellees should not be decreed to be the only legal heirs of Willie Huey and, as such, sent into possession of the one-fourth interest in the succession.
The minutes of the court reflect that, on May 19, 1972, the rule was taken up, tried, evidence adduced, witnesses heard, and the matter argued and submitted. There was judgment rendered in favor of appellees, recognizing them as the sole heirs of Willie Huey and finding appellants to be illegitimate bastards. An oral motion for a new trial was taken under advisement by the court.
As a result of a motion filed on July 21, 1972 by appellants, through their curator ad hoc (Emmons), the court granted them until August 19, 1972 within which to make a formal claim in the matter. On August 14, 1972, affidavits were filed by each appellant asserting the good faith of their mother in marrying Willie Huey and her lack of knowledge of his prior marriage.
Final judgment was rendered and signed on September 5, 1972 in favor of appellees. On September 8, 1972, a motion for new trial was filed for appellants by their curator ad hoc. The basis for this motion was the affidavits of the appellants and an unsigned, unnotarized deposition of Emma Garr, Willie Huey's second wife, asserting her good faith in this marriage.
The minutes of October 6, 1972 state that the motion for new trial was fixed for November 6, 1972. They additionally state that William A. Baker had been retained as counsel, and Emmons was relieved by order of the court.
The motion for new trial was heard on November 6, 1972 and denied. An appeal was subsequently taken to the Court of Appeal.
The only evidence in the record on appeal was the unsigned, unnotarized deposition of Emma Garr. Appellees alleged in their brief to the Court of Appeal that the testimony of Charlie May Huey (mother *331 of appellees) and Olever Steven Nelson (the first wife of Willie Huey who presumably married Nelson) was taken and not transcribed. It was urged that it was this testimony on which the judgment of the trial court was based.
Appellants in their application and brief in this Court urge that they were unaware that oral testimony had been taken in the trial below. They state that when their retained counsel was enrolled as counsel of record, following the trial on the merits, they believed that the reference to testimony by witnesses in the minute entry of the lower court referred only to the deposition of Emma Garr Huey, which was introduced and made part of the record.
Under the plain provision of our Code of Civil Procedure, Articles 2130 and 2131, a party may require the clerk to cause the testimony to be taken down in writing, and this transcript shall serve as the statement of facts of the case (Article 2130). If the testimony of the witnesses has not been taken down in writing, the appellant must request the other party to join with him in a written and signed narrative of facts. And, in case of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts which shall be conclusive (Article 2131).
When testimony has been taken in the trial court, it should be recorded and introduced in the record on appeal. If it has not been taken down in writing, the burden is upon appellant to furnish, as part of the record on appeal, either an agreed statement of facts entered into between the parties or a narrative of facts by the judge. Webre v. Heard, 207 So.2d 880 (La.App.1968); Articles 2130 and 2131 C. C.P.
The jurisprudence is uniform that, where there are factual issues involved and the record on appeal contains neither the transcript of the testimony nor an agreed statement of facts entered into between the parties or given by the trial judge, there is nothing for appellate review. Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556 (1938); Aube v. American Insurance Co., 254 So.2d 654 (La.App.1971); Edisen v. Edisen, 236 So.2d 528 (La.App. 1970); Omaha Steaks International v. Progressive Motor Hotel, 212 So.2d 558 (La.App.1968); So-Cam, Inc. v. Atkins, 189 So.2d 742 (La.App.1966).
In the instant case, the record shows that present counsel was enrolled before the motion for new trial was argued. The minutes recite that the testimony of witnesses was adduced at the trial of the rule. There appears to be no excuse for counsel's failure to inquire. Furthermore, it seems that appellants chose to stand on the deposition alone, thinking it was the testimony most favorable to them. When the absence of the testimony of witnesses was brought to the attention of the Court of Appeal by appellees in their brief, no motion for remand was filed or urged by appellants. This is noted in the opinion of the Court of Appeal. It was only after an adverse judgment by that court did appellants request a remand in their application for rehearing.
Furthermore, we are unable to see what would be accomplished by a remand. Apparently, the only witnesses who testified at the trial of this matter were produced on behalf of the appellees. Presumably, this testimony would be favorable to them. Additionally, the deposition of Emma Garr was quite vague and indefinite. Also, appellants do not contradict the statement of appellees that the testimony was not transcribed. This being the case, there is nothing to include, should we remand. The only alternative would be a narrative of facts, and this must be done prior to appeal. Besides, it has been over a year and a half since the trial of this rule. Consequently, the securing of a narrative of facts would be most difficult at this late date.
*332 In view of the foregoing facts, we are unable to conclude that the circumstances warrant a deviation from the general rule set forth in the statutory law and jurisprudence. A remand in the interest of justice is not presented here.
Accordingly, the judgment of the Court of Appeal is affirmed.
BARHAM, DIXON and CALOGERO, JJ., concur.
NOTES
[1] 276 So.2d 372.
[2] 279 So.2d 691.