306 So.2d 822 (1975)
In re the Minor Chad Everett TYSON.
No. 12505.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1975.
Lewis Weinstein, Shreveport, for appellant.
James B. Wells, Bossier City, for appellee.
Before AYRES, HALL and DENNIS, JJ.
HALL, Judge.
Plaintiff, an unmarried mother, as duly qualified natural tutrix of her minor child, filed suit against defendant, a married man, seeking to have him declared to be the father of her child and seeking alimony for the support of the child. After trial the district court rendered judgment declaring defendant to be the father of the child and ordering him to pay alimony in the amount of $125 per month. Defendant appealed. We affirm the judgment of the district court.
On appeal the appellant contends (1) there is no proof of the paternity of the child; and (2) if there is sufficient proof of paternity, the facts are such that there is no obligation on the part of the father to pay alimony.
As to appellant's first contention, the record on appeal does not contain a transcript of the testimony adduced at the trial of the case nor does it contain a narrative of the facts agreed to by the parties or made by the trial judge. On the factual issue of proof of paternity there is nothing before us for appellate review and it is presumed that the evidence is sufficient to support the judgment of the trial court. See Succession of Walker, 276 So.2d 372 (La.App. 2d Cir. 1973), affirmed, 288 So. 2d 328 (La.1974). Appellant's first contention is without merit.
In connection with his second contention appellant argues that the child is an adulterous bastard (an offensive term, but one we are forced to use because it is a term of technical legal significance carried forward into the Louisiana Civil Code adopted in 1870 from French sources and earlier Louisiana Codes), that the Louisiana Civil Code does not provide for proof of paternal descent of an adulterous bastard and that an adulterous bastard has no right to claim alimony from the father. The primary basis for these arguments is the contention that the term "illegitimate children" used in the pertinent articles of *823 the Louisiana Civil Code does not include "adulterous bastards".
LSA-C.C. Art. 180 defines illegitimate children as those that are born out of marriage. LSA-C.C. Art. 181 provides that there are two types of illegitimate children those who are born of parents who might have legally contracted marriage with each other and those who are born of parents to whose marriage there existed at the time some legal impediment. Adulterous bastards, defined by LSA-C.C. Art. 182 as those born of parents, either or both of whom at the time the child was conceived were connected by marriage with some other person, fall within one of the categories of illegitimate children.
LSA-C.C. Art. 208 provides that illegitimate children who have not been legally acknowledged may be allowed to prove their paternal descent and LSA-C.C. Art. 209 provides the methods of proving paternity. That bastards are among those illegitimate children who may prove paternity is demonstrated by the use of the term bastard within the text of Article 209.
LSA-C.C. Art. 240 provides in pertinent part:
"Fathers and mothers owe alimony to their illegitimate children, when they are in need; ...".
Article 240 specifically provides that fathers and mothers owe alimony to their illegitimate children, which by definition includes children born out of wedlock to parents incapable of marrying at the time of conception because one or both were married to some other person. Under LSA-C.C. Art. 242 in order for illegitimate children to sue for alimony they must have been legally acknowledged or must have been declared to be the child of the alleged parent by a judgment duly pronounced in cases in which they may be admitted to prove their paternal descent. In this case the paternity of the defendant has been proven.
That an adulterous bastard is entitled to alimony from the father is consistent with LSA-C.C. Art. 920 which bars adulterous or incestuous bastards from inheriting the estates of their natural father or mother, but allows them alimony.
Appellant argues that LSA-C.C. Art. 245 which provides that alimony is due to bastards, though they be adulterous and incestuous, by the mother and her ascendants, implies that such alimony is not due by the father. Article 245 does not contain such an implication, in view of the express provisions of Article 208 allowing proof of paternal descent by illegitimate children and Article 240 providing that fathers and mothers owe alimony to their illegitimate children.
In this case the defendant was proved to be the father of the child and the child, being in need, is entitled to alimony.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.