337 So.2d 675 (1976)
John VAUGHAN d/b/a Vaughan Bros. Contracting, Plaintiff-Appellee,
v.
James Rex FAIR, Defendant-Appellant.
No. 5642.
Court of Appeal of Louisiana, Third Circuit.
September 22, 1976.
Richard N. Ware, Natchitoches, for defendant-appellant.
Joseph M. Henry, Jr., Natchitoches, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
GUIDRY, Judge.
This is a suit on open account for recovery of the sum of $417.83 alleged to be owed plaintiff as rental for certain items of heavy equipment. Defendant filed answer generally denying all allegations of plaintiff's petition and further answered asserting prior payment of all amounts due. The trial court rendered written reasons for judgment determining that plaintiff did rent certain heavy equipment to defendant; that the total rental amounted to the sum of $867.83; and, that defendant had previously paid to plaintiff the sum of $450.00 leaving a balance due in the sum of $417.83. Accordingly, judgment was rendered in favor of plaintiff for the latter amount. Defendant appealed. We affirm.
There is documentary evidence in the record to support the total rental determined *676 to be due by the trial court as well as the partial payment made by defendant. Appellant argues, however, that the trial court erred in the following particulars: (a) In concluding from the testimony of the several witnesses that plaintiff proved his claim by a preponderance of the evidence; and, (b) In failing to conclude on the basis of the verbal testimony adduced that the payment of $450.00 was made by defendant and accepted by plaintiff in full settlement of all sums due.
The record does not contain a transcript of the testimony adduced on the trial of the case. Presumably such testimony was not recorded and transcribed. The record does not contain a narrative of facts agreed to by the parties or made by the judge pursuant to the provisions of LSA-C.C.P. Articles 5001, 2130 and 2131. Under such circumstance, and considering that the respective claims of the parties present factual issues, this court must presume that the judgment of the trial court is correct and supported by sufficient competent evidence. As stated by our Supreme Court in Succession of Walker, 288 So.2d 328 (La.1974):
"The jurisprudence is uniform that, where there are factual issues involved and the record on appeal contains neither the transcript of the testimony nor an agreed statement of facts entered into between the parties or given by the trial judge, there is nothing for appellate review. Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556 (1938); Aube v. American Insurance Co., 254 So.2d 654 (La.App.1971); Edisen v. Edisen, 236 So.2d 528 (La.App.1970); Omaha Steaks International v. Progressive Motor Hotel, 212 So.2d 558 (La.App.1968); SoCam, Inc. v. Atkins, 189 So.2d 742 (La.App. 1966)."
See also, In re the Minor Tyson, 306 So.2d 822 (La.App. 2nd Cir. 1975) and Hutcherson v. Welch, 316 So.2d 144 (La.App. 2nd Cir. 1975).
For the reasons assigned, the judgment of the City Court is affirmed at appellant's costs.
AFFIRMED.