HOOD, Judge.
Robert E. Otis instituted this suit for divorce against defendant Eloise F. Otis. The trial judge rendered judgment granting the divorce and awarding defendant alimony in the amount of $400.00 per month, subject to credit for any Veterans Administration benefits defendant may receive. Plaintiff appealed. We affirm.
The only issue presented is whether the award of alimony is excessive.
The minutes of the court show that Mr. Otis and four other witnesses testified in behalf of plaintiff at the trial, and that defendant, Mrs. Otis, testified in her own behalf. One document was introduced into evidence by defendant. No record of the testimony was made at the trial, and there thus is no transcript of the evidence in the record. The record also does not contain the document, a W-2 Form, which the minutes show was introduced in evidence.
LSA-C.C.P. art. 2130 provides that a party may require the clerk to cause the testimony to be taken down in writing at the trial, and that that transcript shall serve as the statement of facts of the case.
The law also provides that if the testimony has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts. If such a request is made and the parties then disagree as to the signed statement, or if one of them refuses to join in it, then at any time prior to the lodging of the record in the appellate court the judge shall make a written narrative of the facts which shall be conclusive. LSA-C.C.P. art. 2131.
*85 In the instant suit, plaintiff-appellant apparently did not require the clerk to cause the testimony to be taken down, and the record contains neither the transcript of the testimony, nor an agreed narrative statement of the facts or a written narrative of the facts made by the trial judge. The issue presented on this appeal is purely factual.
Where factual issues are presented and the appellate record does not contain a transcript of testimony, a statement of facts entered into by the parties, or a written narrative of the facts made by the trial judge, there is nothing for the appellate court to review. Traylor v. Traylor, 337 So.2d 922 (La.App. 3 Cir. 1976); Succession of Walker, 288 So.2d 328 (La.1974).
In Succession of Walker, supra, our Supreme Court stated:
“The jurisprudence is uniform that, where there are factual issues involved and the record on appeal contains neither the transcript of the testimony nor an agreed statement of facts entered into between the parties or given by the trial judge, there is nothing for appellate review. Williamson v. Enterprise Brick Co., 190 La. 415,182 So. 556 (1938); Aube v. American Insurance Co., 254 So.2d 654 (La.App.1971); Edisen v. Edisen, 236 So.2d 528 (La.App.1970); Omaha Steaks International v. Progressive Motor Hotel, 212 So.2d 558 (La.App.1968); So-Cam, Inc. v. Atkins, 189 So.2d 742 (La.App.1966).”
The judgment appealed from is affirmed. The costs of the appeal are assessed to plaintiff-appellant.
AFFIRMED.