345 So.2d 1304 (1977)
David F. ILES, Plaintiff-Appellant,
v.
Phillip WHITE and Kalb Television, Defendant-Appellee.
No. 5923.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
*1305 Bolen, Halcomb, Bolton & Erwin by Gregory S. Erwin, Stafford, Randow, O'Neal & Smith by Grove Stafford, Jr., Alexandria, for defendant-appellee.
P. Spencer Torry and Steve Young, Alexandria, for plaintiff-appellant.
Before WATSON, FORET and HEARD, JJ.
HEARD, Judge.
Plaintiff-appellant, David F. Iles, filed a suit for defamation on August 25, 1976, naming as defendants, Phillip White and KALB Television. On September 16 and September 9, 1976, respectively, the defendants filed answers denying any liability.
On September 21, 1976, the defendant, Phillip White, caused a rule to be issued ordering the plaintiff to show cause why he should not be required to post bond for costs and attorney's fees under the provisions of LSA-R.S. 42:261(E). At the conclusion of the hearing on the above rule on October 25, 1976, the trial court rendered a judgment, holding that the defendant Phillip White was a public official within the purview and protection of LSA-R.S. 42:261, and ordered the plaintiff to post bond in the sum of $2,250.00 for costs and attorney's fees. Plaintiff appealed.
*1306 The sole issue before this court is simply whether plaintiff David Iles must furnish bond for costs and attorney's fees to Phillip White, defendant in this lawsuit.

MOTION TO DISMISS
After plaintiff-appellant's appeal was lodged, the defendant-appellee timely filed a motion with this court to dismiss the appeal of the plaintiff-appellant.
In his motion to dismiss, the defendant-appellee alleges three main grounds for dismissal: (1) that the judgment appealed from is a non-appealable interlocutory judgment, (2) that the plaintiff-appellant failed to timely pay the Clerk of the trial court within 20 days from the date of his order of appeal the estimated costs of the appeal as required by LSA-C.C.P. Art. 2126 and LSA-R.S. 13:4445, and (3) that since the plaintiff's motion for an appeal was not filed until after the 15 day period provided by the trial court judgment of November 2, 1976, in which the plaintiff was ordered to post a bond for costs and attorney's fees, the trial court was not empowered in view of LSA-R.S. 42:261(E) to sign an order of appeal in this case.
In answer to the defendant's first contention that the judgment appealed from is a non-appealable interlocutory judgment we hold, that though the judgment appealed from is interlocutory it is one which will cause irreparable injury and therefore appealable. LSA-C.C.P. Art. 2083; Romero v. Romero, 232 So.2d 572 (La.App. 3 Cir. 1970); Carter v. Phillips, 325 So.2d 337 (La.App. 3 Cir. 1975), La., 337 So.2d 187, 1976; Allen v. Rosenthal (La.App. 3 Cir. 1976), writ denied, 339 So.2d 15, La., 1976. While it is noted that the above case dealt with writ applications, the principle of irreparable injury is nevertheless the same.
In response to the defendant's second contention, while true the plaintiff was six days late in paying the required estimated costs of the appeal as required by LSA-C.C.P. art. 2126 and LSA-R.S. 13:4445, both this court and our Supreme Court have held that once the appeals have been timely lodged in the appellate court, the non-payment of the cost and fees required by LSA-C.C.P. art. 2126 and LSA-R.S. 13:4445, is no longer fatal to the appeal. Howard v. Hardware Mutual Co., 286 So.2d 334, La.1973; Succession of Nunez ex rel First National Bank of Abbeville v. Picket, 335 So.2d 778 (La.App. 3 Cir. 1976), and Halcomb v. Halcomb, 343 So.2d 1183 (La.App. 3 Cir. 1977).
In support of his third argument the defendant White quotes, in pertinent part, the provisions of LSA-R.S. 42:261(E) as follows:
"The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for cost, to cover such attorney fees before proceeding with the trial of said cause." (Emphasis added by defendant.)
The defendant argues that the intent of the above quoted statute must be to stay all proceedings until the defendant is sufficiently protected by the posting of the bond, and that since the plaintiff did not move for his appeal until after the 15 day period in which he was ordered to post a bond for costs and attorney's fees, the trial court could not sign an order of appeal.
We find no merit in this contention. The statute merely stays all proceedings in the trial of the cause, and does not forbid the court from signing an order of appeal.
The motion to dismiss is denied.

ON THE MERITS
The plaintiff-appellant contends that the trial court erred in finding the defendant-appellee, Phillip White, a high school principal, to be a public official under LSA-R.S. 42:261(E). Alternatively, plaintiff contends that if the defendant is found to be a public official under LSA-R.S. 42:261(E), the trial court erred when it found that he was acting within the scope of his duties of office when he made the statement which gave rise to this suit.
The testimony adduced on the trial of the rule to show cause is not included *1307 in the record on appeal, nor does the record contain either a narrative of facts agreed on between the parties or one made by the trial court in accordance with the provisions of LSA-C.C.P. arts. 2130-2131. The determination of whether the defendant is a public official for the purpose of LSA-R.S. 42:261(E) is a factual question. Where there are factual issues involved and the record on appeal contains neither a transcript of the testimony nor a narrative of facts, there is nothing for the appellate court to review. There being no evidence to review, it is presumed that the judgment of the trial court is supported by sufficient competent evidence, and should be affirmed. Succession of Walker, 288 So.2d 328 (La.1974); Hutcherson v. Welch, 316 So.2d 144 (La.App. 2 Cir. 1975); Otis v. Otis, 341 So.2d 84 (La.App. 3 Cir. 1976).
For the reasons assigned, the judgment of the trial court is hereby affirmed. Costs are to be assessed against plaintiff-appellant.
AFFIRMED.