398 So.2d 144 (1981)
Ted GARDEMAL d/b/a Tripple G Welding Service, Plaintiff-Appellant,
v.
MCM INDUSTRIES, INC., Defendant-Appellee.
No. 8134.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
Rehearing Denied May 28, 1981.
Writ Denied July 2, 1981.
Harold L. Savoie, Lafayette, for plaintiff-appellant.
Bean & Rush, Ernest L. Parker, Lafayette, for defendant-appellee.
Before CULPEPPER, FORET and STOKER, JJ.
STOKER, Judge.
This suit was brought as an open account suit by plaintiff Ted Gardemal doing business as Tripple G Welding Service. Petitioner alleges that he is a citizen of Lafayette, Louisiana. The suit is against MCM Industries, Inc., listed as having an address in Birmingham, Alabama. The suit alleges that the defendant is indebted to the petitioner "on open account for services performed and materials supplied in the full sum of $4,826.55." The issue in this case is whether or not the Louisiana court had jurisdiction over the defendant which claims to be a foreign corporation.
The petition discloses very little in the way of facts. In form it is a typical open account suit which alleges that the petitioner supplied materials and labor at the request of defendant "on items of property of the defendant for which prompt billing was made." Attached to the petition is an exhibit purporting to list an itemized statement of account.
In response to this petition the defendant filed an exception to the jurisdiction of the court alleging that it has not appointed an agent for service of process in this state and has not applied for or qualified to do business in this state. It further alleges that it has not conducted or transacted business in this state which would be sufficient to give a Louisiana court personal jurisdiction over it.
*145 Service on the defendant was made under the Louisiana Long Arm Statute, LSA R.S. 13:3201 et seq. The issue in the case is factual, that is, whether or not the defendant had minimal contacts with the State of Louisiana sufficient to give Louisiana jurisdiction in this matter.
The parties attempted to stipulate on the evidence but were unsuccessful as is reflected by a motion and order to fix the exception filed March 13, 1980, and which fixed the exception for trial and hearing on April 7, 1980, before Judge Carrol L. Spell. Tr. 22. A minute entry for April 7, 1980, indicates that with counsel for both parties present the exception came on for hearing on that date, witnesses were placed under the rule of sequestration, testimony and evidence was presented and that the court sustained the exception to the jurisdiction and dismissed the plaintiff's suit at plaintiff's cost. The record contains what is designated as a note of evidence on exception of personal jurisdiction consisting of a face sheet at transcript page 27 followed on page 28 by Reasons For Ruling given by the court. This note of evidence contains no transcript of any testimony or any indication of evidence introduced at the trial.
Either the testimony taken at the trial was not recorded or was not transcribed. The record does not contain a narrative of facts agreed to by the parties or made by the judge pursuant to the provisions of LSA-C.C.P. arts. 2130 and 2131. The respective claims of the parties present factual issues. Under the circumstances, this court must presume that the judgment of the trial court is correct and supported by sufficient competent evidence.[1]Vaughan v. Fair, 337 So.2d 675 (La.App. 3rd Cir. 1976) and Succession of Walker, 288 So.2d 328 (La.1974) and cases therein cited.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
Before CULPEPPER, FORET and STOKER, JJ.
FORET, Judge, concurring.
I concur in the result reached by the majority.
However, I do not subscribe to the statement made by the majority that where the testimony at trial was either not recorded, or if recorded, was not transcribed, and the record does not contain a narrative of facts agreed to by the parties or made by the judge pursuant to the provisions of LSA C.C.P. Articles 2130 and 2131, and where the issues presented are factual, that this Court must presume that the judgment of the trial court is correct and supported by sufficient competent evidence. It is with this latter observation that I disagree. The majority cites Vaughan v. Fair, 337 So.2d 675 (La.App. 3 Cir. 1976) and Succession of Walker, 288 So.2d 328 (La.1974) and cases cited therein. Vaughan v. Fair does mention this presumption of correctness of the judgment of the trial court in such circumstances, citing and quoting from Succession of Walker. However, Walker does not indulge in such presumption. All that Walker says is that:
"The jurisprudence is uniform that, where there are factual issues involved and the record on appeal contains neither the transcript of the testimony nor an *146 agreed statement of facts entered into between the parties or given by the trial judge, there is nothing for appellate review." (Emphasis added.)
Walker goes on to say that under the provisions of C.C.P. Articles 2130 and 2131, it is up to the parties to see that the testimony is taken down in writing and that it is up to the appellant, if the testimony has not been taken down in writing, to request the other party to join with him in a written and signed narrative of facts. And, in case of a disagreement as to this narrative or a refusal to join in it at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of facts which shall be conclusive. However, this burden is upon the appellant. Succession of Walker, at the urging of appellant, considered a remand of the case to the trial court, but found that a remand would serve no useful purpose since it was apparently the testimony of the witnesses for the appellees that was taken down and not transcribed, and further that the record did contain, on defendant's behalf, a deposition of the alleged putative wife, which was vague and uncertain. Hence, the Supreme Court saw no useful purpose to be served by remand.
My point in this concurring opinion is again, that in my opinion, we need not indulge in the presumption of correctness of the trial court judgment, under these circumstances, but rather, we may base our decision on the fact that there is nothing for us to review, rather than indulging in a fictional presumption of correctness. It seems to me that to follow such a presumption is an abdication of our duties of appellate review under the Louisiana Constitution. In fact, in this case, if the appellant had asked for a remand, asserting that the testimony had been taken down but not transcribed, if this be the case, or that he had requested a narrative of facts in accordance with C.C.P. Articles 2130 and 2131, and same had been refused by either the appellee or by the trial court judge or both, then I could certainly have voted for a reversal and a remand. Such not being the case, I respectfully concur.
NOTES
[1] The reasons for judgment given by the trial court as contained on page 28 of the transcript are as follows:

"REASONS FOR RULING
"BY THE COURT: All right, in this matter, the Court will sustain the Exception to the Jurisdiction and order that the suit be dismissed at plaintiff's cost as the Court finds that the defendant is not transacting business in the State of Louisiana to come within the exception set forth in Revised Statute Title 13, Section 3201 of a sufficient nature to allow service under the Long Arm Statute. There have not been sufficient minimal contacts in the State of Louisiana to constitute the transaction of business in this State. Additionally, the evidence is to the effect that no Agent for Service of Process has been appointed in the State of Louisiana, nor has the corporation in question qualified to do business in the State of Louisiana. The Court accordingly will dismiss plaintiff's suit at plaintiff's cost."