446 So.2d 948 (1984)
SUCCESSION OF Colin CAMERON.
No. 83-514.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*949 Samuel W. Ethridge, Kenner, for plaintiff-appellant.
Robert L. Kennedy, Colfax, for defendant-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
This is an appeal from a succession proceeding still under administration. The trial court made three rulings in favor of the administrator of the succession and against Edith Cameron Dunkle, one of the heirs. It is from these rulings that Edith Dunkle appeals. With but one modification we substantially affirm the judgment of the trial court and remand the succession for continued proceedings.
On August 9, 1980, Colin Cameron died in Grant, the parish of his domicile, survived by his two brothers, Donald and Edmund Cameron, and his sister, Edith Cameron Dunkle. On September 9, 1980, Donald Cameron was appointed administrator of the succession. About a year and a half later Edith Cameron Dunkle filed the motions which produced the rulings which form the basis of this appeal. The three rulings complained of are: (1) the dismissal of a Motion to Remove the Administrator, (2) the homologation of a tableau of distribution, and (3) the dismissal of appellant's "Opposition to Accounting." We will discuss each ruling in turn.
Dismissal of Motion to Remove Administrator
Mrs. Dunkle was thwarted in her efforts to be heard on this motion a number of times, all for good procedural reasons. Initially she tried to put on evidence about issues not pleaded. In order to be heard on these issues, she requested and obtained a continuance. She amended the motion and was met by an exception of vagueness. She amended the motion and was met by an exception of vagueness. She amended again and was still faced with an exception of vagueness. This time the trial court ordered her to file an amending motion curing the vagueness within 15 days or suffer dismissal of the motion. She filed a timely amending pleading but, whether by oversight or otherwise, this document was an exact replica of the second amending pleading and accomplished nothing. After 15 days expired the trial court dismissed the motion and that is where Mrs. Dunkle's attempt to remove the administrator stands now.
In considering whether the trial court erred in granting the administrator's exception of vagueness, we have examined appellant's rule to remove the administrator as well as the three amending rules. We conclude that the trial court properly sustained *950 the dilatory exception. Several of the allegations in the first and second amending rules were vague. The trial court properly ordered the plaintiff to amend her rule. LSA-C.C.P. art. 933.
We also find that the trial court correctly dismissed the motion when it was not amended. When plaintiff merely filed an exact copy of her previous allegations as her third amending rule, this was not an amendment. It was within the discretionary power of the trial court in enforcing its lawful orders to dismiss appellant's rule. See Jenkins v. Hartford Accident and Indemnity Co., Inc., 356 So.2d 490 (La.App. 1st Cir.1977); and LSA-C.C.P. art. 933.
The judgment of dismissal, however, was with prejudice and it should have been without prejudice. A dismissal for failure to correct a defect in the pleadings should be without prejudice. Saunders v. Lomonaco, 396 So.2d 316 (La.App. 4th Cir. 1981); and Alexander v. Town of Jeanerette, 371 So.2d 1245 (La.App. 3rd Cir.1979). Accordingly, we will amend the judgment to provide that it is without prejudice. This means that immediately upon remand Mrs. Dunkle will be free to refile a motion to remove the administrator and proceed to a hearing.
Judgment Homologating a Tableau of Distribution
Mrs. Dunkle opposed the Tableau of Distribution filed by the administrator on August 31, 1982. In this proceeding the court was asked to approve a $1000 fee to the administrator and a $1500 fee to his attorney. Mrs. Dunkle's opposition was heard on March 15, 1983. Following the hearing the trial judge denied the opposition and signed a judgment homologating the tableau.
Unfortunately for our review the hearing conducted March 15, 1983, was not recorded. Nor is there in the record a narrative of the facts agreed to by the parties or made by the judge pursuant to the provisions of LSA-C.C.P. art. 2131. The respective claims of the parties present factual issues. Under these circumstances, this court must presume that the judgment of the trial court is correct and supported by sufficient competent evidence. See Gardemal v. MCM Industries, Inc., 398 So.2d 144 (La.App. 3rd Cir.1981), writ denied 401 So.2d 994 (La.1981). The judgment homologating the tableau of distribution is affirmed.

Dismissal of Opposition to Accounting
The third ruling on appeal was the granting of an exception of res judicata which resulted in the dismissal of appellant's "Opposition to Accounting." We agree that this pleading was properly dismissed for the reason that an earlier ruling of identical import was the "law of the case", not because it was res judicata. This procedural impasse arose in the following manner.
On June 21, 1982, Edith Dunkle filed two pleadings, a "Motion to Traverse Detailed Descriptive List" and an "Opposition to Accounting." The motion to traverse the detailed descriptive list alleged that certain assets belonging to the succession were omitted from the detailed descriptive list previously filed by the administrator and sought to have the list amended and the property included within the succession. The opposition to the accounting alleged that the same property was omitted from the accounting previously filed by the administrator and sought to have the accounting amended to include the property. At a hearing on September 15 only the motion to traverse was considered. The trial court evidently determined that the appellant failed to prove that the disputed assets belonged to the succession. On October 18, 1982, judgment was rendered in favor of the administrator dismissing this motion.
When Mrs. Dunkle thereafter sought a hearing on her opposition to the accounting the administrator filed an exception of res judicata. His contention was that the allegations in the motion to traverse and the opposition to the accounting addressed the identical subject matter, therefore any decision rendered on the evidence which was presented at the hearing on one was res judicata as to the other. On March 15, *951 1983, the trial court sustained this exception and dismissed the opposition to accounting.
It is clear from the record that both rules sought to have the identical property included within the succession. Both rules were filed the same day and used almost identical language in describing the property. One rule sought to have the property included on the descriptive list while the other sought to have the same property included in the accounting. The October 18, 1982, judgment necessarily determined that the property did not belong on either list since the appellant failed to prove the property belonged to the succession. Appellant's "Opposition to Accounting", was never amended after this judgment to include any other property. When she insisted on a hearing of this rule appellant was seeking to relitigate the same issues determined by the October 18 judgment.
We find that the trial court properly dismissed plaintiff's rule opposing the accounting under the circumstances. However, the dismissal should not have been grounded on res judicata. For that doctrine to be applicable, the judgment must be a final judgment. LSA-C.C. 2286 and C.C.P. art. 1842. The October 18, 1982, judgment was not a final judgment but an interlocutory one which merely decided a preliminary matter in the course of the proceeding. However, the trial court was justified in refusing to try anew the identical factual issues already tried and decided in the same case. He was justified in regarding his earlier ruling as having binding force under the procedural principle known as "law of the case". As stated by the Supreme Court in Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973), among the reasons assigned for application of the law of the case principle are:
"... the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue."
It is clear that the trial court in the October 18 judgment concluded that the contested property did not belong to the succession. The March 15, 1983, judgment of dismissal based on res judicata was an attempt by the trial court to avoid the relitigation of the same issue. We find that the judgment is sustainable based on a reasonable application of the law of the case principle, and that the dismissal of appellant's "Opposition to Accounting" should be affirmed.
For the above reasons the judgment of the trial court dismissing appellant's rule to remove the administrator is affirmed although we amend the judgment and order that the dismissal is without prejudice; the judgment of the trial court homologating the tableau of distribution is affirmed; and the judgment of the trial court dismissing the appellant's opposition to the accounting is affirmed. The case is remanded to the trial court for further proceedings. Costs of this appeal are to be assessed against appellant.
AMENDED AND AFFIRMED.