488 So.2d 1143 (1986)
Larry SMITH, Plaintiff-Appellee,
v.
George M. GILMER, Jr., Defendant-Appellant.
No. 17810-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
*1144 Jack R. Gamble, Jr., Mansfield, for defendant-appellant.
Steven L. Porter, Mansfield, for plaintiff-appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
MARVIN, Judge.
A farmer, Gilmer, appeals a judgment which awarded plaintiff $4,700 for the balance owed on a $9,100 construction contract for a barn and which rejected Gilmer's reconventional demand for damages for faulty construction of the barn which was blown down by a windstorm shortly after construction was completed.
The record contains no transcript or "narrative of facts." CCP Arts. 2130, 2131. Our review in such circumstances is limited to determining whether the trial court correctly applied the law to the facts it "found." Succession of Walker, 288 So.2d 328 (La.1974); Hill v. Smith, 284 So.2d 374 (La.App. 2d Cir.1973); Gardemal v. MCM Industries, Inc., 398 So.2d 144 (La.App. 3d Cir.1981). We find no error of law and affirm.
The trial court's written reasons for judgment state:
The evidence reveals that Mr. Smith [plaintiff] built the barn according to specifications, and that there was no faulty construction ... Mr. Smith was not responsible for the windstorm.
The minutes of the trial court show that Gilmer introduced three photographs of the barn and the testimony and a report of a civil engineer to show faulty construction and that Smith offered testimony of an "expert in the field of building contracting" in defense of Gilmer's reconventional demand.
Gilmer complains that the trial court's findings are manifestly erroneous, arguing that he told Smith he wanted a "substantial structure" because the barn was to be built in an open area where high winds were commonplace. He contends Smith agreed to design and build the barn to withstand 80 mph winds but the barn was so poorly constructed that it did not withstand even a "normal" wind, emphasizing in brief that an older and nearby barn was not damaged in the windstorm.
Gilmer's contentions on appeal challenge the trial court's finding of fact. As the appellant, however, Gilmer has not fulfilled his responsibility to prepare for us a factual record for our review. Delaneuville v. Duplessis, 385 So.2d 385 (La.App. 1st Cir.1980); Hanley v. Hanley, 381 So.2d 963 (La.App. 4th Cir.1980). Gilmer's responsibility was to provide a transcript or prepare, at least, a narrative of facts and submit it to Smith for approval. If Smith did not approve, Gilmer could require that the trial court make a written narrative which would afford him factual review. CCP Art. 2130, 2131; Walker, supra; Delaneuville, *1145 supra. Without a transcript or a narrative of factual and opinion testimony heard at the trial, it is impossible for us to determine whether the report of Gilmer's expert would compel us to declare the trial court's reasons and limited findings manifestly erroneous.
The trial court's reasons merely express that court's ultimate factual conclusions. The trial court's reasons are not sufficiently detailed for meaningful review and do not constitute the narrative of facts contemplated by Art. 2131. Compare Cothren v. Cothren, 177 So.2d 129 (La.App. 1st Cir.1965), and Peacock v. West Carroll Parish Police Jury, 454 So.2d 1253 (La. App. 2d Cir.1984).
Some courts have held under similar circumstances that the reviewing court must "presume" the trial court's findings and reasons are correct and are supported by competent and sufficient evidence. See Buckels v. Buckels, 431 So.2d 92 (La.App. 1st Cir.1983); Gardemal, supra, and cases cited therein. An appellant presenting a record in this posture, however, raises no reviewable issue of fact but relegates the appellate function to a determination of whether the trial court correctly applied the law to the facts found. See Judge Foret's concurrence in Gardemal, supra.
Additionally, when the record indicates that testimony was not transcribed and contains no narrative of facts, the appeal is subject to dismissal unless the appellant urges an error of law, because the reviewing court is simply unable to decide the correctness of the findings below. Hanley, supra.
Given the trial court's conclusionary facts that the barn was completed before it collapsed, that it was well constructed according to specifications, and that it was destroyed through no fault of Smith, we find no error of law. See CC Arts. 2757, 2758, 2762, 2769.
At appellant's cost, the judgment appealed is AFFIRMED.