DOUCET, Judge.
This is an appeal from a judgment denying the plaintiff’s motion for a judgment pro confesso in a garnishment action.
*401 On April 30, 1984, judgment was rendered in favor of the plaintiff, Valley Finance Company, Inc., and against the defendant, A.L. Lacombe, for $2,063.03, and for an additional 25% attorney’s fee and costs.
The plaintiff later obtained information indicating that A.L. Lacombe was employed by Charles Pennington, d/b/a Ark-La-Tex Tires. The plaintiff, on February 6, 1985, filed a petition asking that Ark-LaTex be made garnishee. An order making Ark-La-Tex garnishee was signed and they were served with a notice of seizure, the petition, the order, and garnishment interrogatories on February 14, 1985.
The garnishee mailed answers to the interrogatories to the plaintiff, but did not file sworn answers into the court records. The plaintiff filed a rule for judgment pro confesso against the garnishee. At the hearing on the rule on April 9, 1985, Mr. Pennington, the garnishee, was without counsel. The court rendered judgment denying the motion for judgment pro confes-so and ordered the garnishee to file answers within 15 days. The next day, answers were filed which indicated that the debtor doesn’t work for him but only sells used tires to Mr. Pennington and does some consulting work for him. The answers further indicate that the debtor is indebted to the garnishee in the amount of $1,800.00.
The plaintiff appeals the judgment arguing that: 1) judgment pro confesso should have been granted because of the garnishee’s failure to swear under oath to his answers to interrogatories; 2) the garnishee’s answer to interrogatories indicate that the debtor is employed by the garnishee on a commission basis so that La. R.S. 13:3926 applies; and, 3) the plaintiff is entitled to attorney’s fees and costs where the garnishee fails to timely answer interrogatories.
It is stated in La.C.C.P. art. 2412 that “[t]he garnishee shall file his sworn answers to the [garnishment] interrogatories within fifteen days from the date of service.” Emphasis supplied. La.C.C.P. 2413 provides that:
“If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney’s fee for the motion.”
The record in this case does not include a transcript of the hearing on the motion. The trial judge gave reasons for judgment as follows:
“In this case, after hearing on the motion for judgment pro confesso, it was also brought to the Court’s attention that the employer was not presently, and was not at any time, indebted unto the defendant debt- or for any sums of money.
So for that reason the Court denies the relief prayed for, pursuant to the Code of Civil Procedure articles which provide that if at the hearing on motion for judgment pro confesso it is proven that the employer is not indebted to the debtor for any sums of money then the Court can deny the relief prayed for by the plaintiff.”
We have no indication of the testimony upon which the judge based this con- *402 elusion. However, where trial testimony was either not recorded or not transcribed, and the record contains no narrative of facts agreed to by the parties or made by the judge, and where the claims of the parties present factual issues, the appellate court is bound to presume that the trial court is correct and supported by the evidence. Gardemal v. MCM Industries, Inc., 398 So.2d 144 (La.App. 3rd Cir.1981) writ denied 401 So.2d 994 (La. 1981); Succession of Cameron, 446 So.2d 948 (La. App. 3rd Cir.1984). Therefore, we must conclude that the trial court correctly denied the motion for judgment pro confesso.
Since the reasons for judgment reveal that the judgment of the trial court was not based on the answers to interrogatories we will not consider the effect of the failure of the garnishee to swear to his answers under oath.
However, under the provisions of La.C.C.P. art. 2413 where answers to interrogatories were not timely filed, judgment should have been rendered against the garnishee for the costs of, and a reasonable attorney’s fee for, the motion, regardless of the outcome of the motion. Accordingly, we amend the judgment of the trial court to provide for the payment by the garnishee of the costs of the motion plus an attorney’s fee of $500.00.
In accord with the above and foregoing reasons, the judgment of the trial judge is affirmed and amended. Costs of this appeal are to be paid by the plaintiff-appellee.
AFFIRMED, AND AMENDED.