SEXTON, Judge.
Defendants appeal the forfeiture of seven savings accounts[1] seized as a result of unlawful drug activity. We affirm.
FACTS
Subsequent to the purchase of marijuana on five separate occasions from Tommy Ray Johnson in his residence, a search warrant was obtained for these premises, 1610 Cornell Street, Ruston, Louisiana. Pursuant thereto, a quantity of marijuana, cash and financial records were seized. Among the financial records were several records which indicated substantial balances on hand in various savings accounts.
As a result, the state, through the district attorney, filed this petition for forfeiture in rem against the nine specific savings accounts listed in the petition under the provisions of LSA-R.S. 15:1351 et seq., the Louisiana Drug Racketeering Act.
Four of these accounts were listed either in the name of Tommy Ray Johnson or his wife, Dorothy Lee, and also in the name of another person. Four of the accounts were in the names of both Tommy Ray and Dorothy Lee Johnson, and one was in the name of Dorothy Lee Johnson only. It is necessary to note that one of the four accounts containing an additional name bore the name of Tommy Johnson and Toylean Johnson. This account was in the First National Bank of Arcadia. Additionally, an account in the Minden Bank and Trust Company was in the name of Tommy Johnson and Bonestine Johnson. This information is pertinent because Toylean and Bo-nestine Johnson were not served. However, the state did not proceed to judgment against these two accounts.
Judgment was rendered against the remaining seven accounts on July 31, 1987.[2] On September 18th an order of appeal was granted to Toylean Johnson in this suit, and by amended motion all of the defendants were added to the appeal on the 29th of September, 1987.
We gather from the arguments made to this court that a subsequent judgment was rendered against the other two accounts. However, this record contains only the judgment previously referenced of July 31, 1987 with respect to the accounts upon which Toylean and Bonestine Johnson’s names did not appear. Likewise, the order of appeal herein was apparently rendered before any subsequent judgment as to the accounts of Toylean and Bonestine Johnson.
Oiir review therefore is limited to only the July 31,1987 judgment to which Toyle-an and Bonestine Johnson were not parties. The record contains a copy of the petition of forfeiture originally filed along with certain exhibits filed as part of the pleadings. What may be ascertained from the petition is that the state proceeded under LSA-R.S. 15:1351 et seq., the Drug Racketeering Act. Other than this, the record contains only *678 minute entries of the July 31,1987 proceedings.[3]
On appeal, the defendants assert that a default judgment which was entered is invalid because there is no proof of service and because a preliminary default was never obtained. They secondly assert that the state failed to establish a prima facie case that the monies contained in the savings accounts were derived from the sale of controlled dangerous substances. By supplemental brief, defendants assert the additional position that LSA-R.S. 32:1550A(7)(c) unconstitutionally shifts the burden of proof to the defendant, citing State v. Spooner, 520 So.2d 336 (La.1988).
Defendants’ assertions that judgment was obtained without service of process are unfounded. The only parties who were not served before the initial hearing were Bonestine and Toylean Johnson who we have already noted are not involved in the present appeal. The record reveals that all other parties were served, therefore rendering this aspect of defendants’ argument meritless.
Next, the appellants contend that the judgment herein was obtained without the entry of a preliminary default. Nothing that we can locate in the record indicates that the judgment was by default via ordinaria. The instant proceedings were said to be brought under LSA-R.S. 15:1351 et seq., the Louisiana Drug Racketeering Act added to our law by Act 727 of 1983. There also exists LSA-R.S. 32:1550 et seq. This is a separate chapter, Chapter 13 of Title 32, entitled Seizure and Forfeiture of Contraband. We observe that the latter is of the earlier origin. However, the two statutes seem similar and complimentary and perhaps can be read together.
Both contemplate summary process. Section D of LSA-R.S. 15:1356 says that in any action thereunder the district court is to proceed “as soon as practicable to the hearing and determination.” Likewise, Section C of LSA-R.S. 32:1550 says that property seized under that chapter “shall be forfeited in a hearing instituted by the district attorney....” Therefore, even if the two statutes are to be read together, these proceedings are summary in nature and a preliminary default is not required. LSA-C.C.P. Art. 2591 and 2593; Succession of Barron, 345 So.2d 995 (La.App. 2d Cir.1977).
Next, defendants assert that the state failed in its burden of proving that the monies found in the accounts were derived from the sale of controlled dangerous substances. However, the record does not contain a transcript of the evidence presented by the state at the hearing. The lack of a transcript makes determination of this issue impossible. It is the duty of appellant to provide the appellate court with either a transcript of the record or a written narrative of the facts. LSA-C.C.P. Arts. 2130, 2131. Deville v. Carmouche, 497 So.2d 51 (La.App. 3rd Cir.1986); Johnson v. Bucyrus-Erie Co., 476 So.2d 1074 (La.App. 3rd Cir.1985); Shannon’s Refrigeration Service Contractors Inc. v. General Oil Field Trucking Co., 277 So.2d 457 (La.App. 1st Cir.1973).
Where there are factual issues involved and the record contains neither a transcript of the testimony nor a narrative of facts, there is nothing for appellate review. There being no evidence to review, the presumption is that the judgment of the trial court is supported by sufficient competent evidence. Succession of Walker, 288 So.2d 328 (La.1974); Hutcherson v. Welch, 316 So.2d 144 (La.App. 2d Cir.1975); Hill v. Smith, 284 So.2d 374 (La.App. 2d Cir.1973). The lack of a transcript or a narrative of facts is imputable to the appel *679 lant. LSA-C.C.P. Art. 2130 and 2131; Succession of Walker, supra; St. Pierre v. St. Pierre, 425 So.2d 254 (La.App. 1st Cir.1982); Clark v. Clark, 411 So.2d 548 (La.App. 1st Cir.1982).
Appellants’ final contention is that the Louisiana Supreme Court in State v. Spooner, supra, declared the presumption of LSA-R.S. 32:1550A(7)(c) unconstitutional. This provision provides as follows:
(c) There shall be a rebuttable presumption that all moneys, coin, and currency seized incident to a valid arrest and found in close proximity to contraband controlled dangerous substances or contraband manufacturing or distributing paraphernalia or records of the illegal importation, manufacture, or distribution of controlled dangerous substances, are contraband as defined herein. The burden of proof shall be upon claimants of such property to rebut this presumption by clear and convincing evidence.
However, the bank accounts seized do not qualify as “moneys, coin, and currency seized incident to a valid arrest and found in close proximity to contraband controlled dangerous substances” as set forth in 32:1550A(7)(c). State v. Spooner, supra, therefore is of no assistance to appellants.[4]
In summary, the state has obtained judgment forfeiting seven specified bank accounts upon which Toylean Johnson and Bonestine Johnson were not named as owners. This is a summary proceeding in which a preliminary default is unnecessary. The record is insufficient to judge appellants’ factual complaints. Under the posture of this record, we are required to presume that the judgment of the trial court is supported by sufficient evidence without the use of the unconstitutional presumption.
For the reasons aforesaid, the judgment appealed is affirmed at appellants’ costs.
AFFIRMED.

. The state originally sought judgment against nine savings accounts but obtained judgment against only seven, as we explain subsequently.

. Thereafter, the court appointed a curator to represent them and reissued the rule for September 18,1987, as far as it pertained to the two accounts in which Toylean and Bonestine Johnson were listed. On September 18th, the rule was continued by consent to October 2, 1987.

. The July 31, 1987 minute entry reads as follows:
36,392 STATE OF LOUISIANA VS. NINE SAVINGS ACCOUNTS Appearances: Dan J. Grady, III counsel for plaintiff and John Shee-han, appointed curator to represent the defendants Toyline Johnston [sic] and Bonestine Johnston [sic]. In rem proceeding brought forward for trial at this time. Witnesses: Jim Tuten. Evidence adduced and offerings filed. Based on the evidence presented, judgment rendered on those accounts as prayed for. Upon oral motion of the District Attorney, Court orders that hearing with regard to the remaining accounts be upset and refixed for September 18, 1987.

. We do note that these proceedings are said to be brought under the Drug Racketeering Act rather than Chapter 13 of Title 32 of the Revised Statutes dealing with seizure and forfeiture. These two enactments appear complimentary and perhaps can be read together. However, we need not proceed to the question of whether the presumption in Chapter 13 of Title 32 declared unconstitutional in Spooner should be read in conjunction with the Louisiana Drug Racketeering Act. As we have pointed out, the presumption declared unconstitutional in Spooner is inapplicable to the present case.