BOUTALL, Judge.
This is an appeal by a mother of three teenage children from a judgment awarding permanent custody of the children to their father.
There have been numerous pleadings filed by both parties to this appeal culminating in the matter before us, a trial court hearing in which both parties sought permanent custody. In brief, Clayton B. Edisen obtained a judicial separation on October 4, 1967, and a divorce on October 29, 1968, with Mrs. Adele Uskali Edisen being awarded the custody of their three minor children in each decree. Some time later, each of them filed a rule for contempt against the other, and Dr. Edisen filed a rule seeking permanent custody for himself. After hearing, the trial court rendered judgment on July 15, 1969 decreeing that in the best interest of the minors, the court takes custody in loco parentis of the three minor children and awards the temporary care, custody and control of the children to their father. Mrs. Edisen appealed that judgment, and this court affirmed. Edisen v. Edisen, 236 So.2d 528 (La.App. 4th Cir. 1970).
*788 Both parties have now filed pleadings seeking the permanent custody of the children, and the first issue raised is the effect of the judgment of July 15, 1969. Mrs. Edisen contends in effect that that judgment did not serve to deprive her of permanent custody, that the pleadings upon which that judgment was based are still before the court, and that the result of this is to constitute her the person having custody and thus be the preferred party unless the party seeking the change bears the heavy burden of proving that the continuation of that custody is so deleterious to the children as to justify removing them from her. As opposed to this, Dr. Edisen contends that the judgment is a final judgment, and that he was awarded the custody of the children therein and has exercised that custody for more than three years before final trial date.
The trial judge considered that under the circumstances as disclosed to him the judgment was a final judgment and that with this posture of the case the court felt that neither parent could claim any advantage of the prior decree and neither had the burden of establishing any change in circumstances. We agree with him. An examination of the trial record presented to us as well as our decision reported in 236 So.2d 528 convinces us that, although the judicial assumption of custody in loco parentis was unusual, it was a definitive taking of custody from Mrs. Edisen, and we see no need to examine the validity of that judgment. The matter has long since been final and is now the law of this case. Indeed, it is interesting to note that although counsel for Mrs. Edisen still urges to us that that judgment was rendered without hearing, he strenuously objected on the present hearing to the introduction of evidence taken at the July 15, 1969 hearing. We feel, as did the trial judge, that since both parties are before us now seeking permanent custody it would serve no purpose to go beyond the prior judgment of the court.
We now direct our attention to the merits of the custody proceeding. The general rules applicable to custody hearings are laid down by the Supreme Court in the case of Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972). As stated therein the paramount consideration in determining to whom custody should be granted is always the welfare of the children, and an examination of the record in this case convinces us that this is the controlling issue herein. These children are teenagers and are not of tender years, and because they have been made aware of the never ending struggle between their mother and father, their wellbeing is seriously threatened by any upheavel in the present custody. The trial judge has succinctly stated his findings as follows:
“Each child exhibited strong and convincing hostility toward their mother. Though they attempted to relate facts reflecting adversely on her character, the picture that emerges can best be described as a professorial stereotype . a scholar more concerned with academic pursuits than with the practical considerations of housekeeping and child-raising.
“Had these children ever adjusted to their life style, and had they not been removed from it for the past three years, their best interest may have required that they be left with their mother.
“Such is not the case. The children were not happy with their mother when she had their custody. On the contrary, the Court is convinced that, for whatever reason, the children were miserable when in her care. The Court doubts that these feelings resulted from any ‘brainwashing’ by the father, though such an effort may have been attempted.”
Actually we believe these findings as to Mrs. Edisen to be rather mild. The record discloses that she has consistently told the children that their father was inflicted with a dread and fatal disease, and that their new stepmother, because of her religious beliefs *789 was also infected with a dread disease, common only to this religious belief. It is apparent that her struggle with their father over their matrimonial relationship and the resulting problems has blinded her to her responsibilities in regard to these children, and, as she put it, the matter of custody is only a matter that concerned her and the children’s father.
We see no necessity to go into great detail about the evidence presented in this case. Suffice it to say that we are thoroughly convinced that the best interest of these children is to remain in the custody of their father, and we find no abuse in the wide discretion that is granted the trial judge in such instances.
The children are and have been for a number of years in a comfortable, happy home in which they are well taken care of, and being directed to maturity. Any interruption of the course of their present life can only lead to severe personal problems for them.
For the reasons hereinabove stated, the judgment of the trial court is affirmed.
Affirmed.