MARVIN, Judge.
The lower court rejected the principal demand of the husband and the reconven-tional demand of the wife for divorce on the grounds of adultery of the other. On the husband’s alternative demand, a legal separation was granted and the husband was ordered to pay temporary alimony. A 16V2-year-old son of the marriage was found to have been without proper supervision from either parent and his custody — earlier assumed or taken by the court during the legal proceedings of several weeks duration — was “retained” by the court in the judgment of separation, with the son being permitted to live with the father.
The husband appeals, contending that the lower court erred in denying him a divorce; in awarding excessive temporary alimony, and in not awarding him full legal custody of the child. We affirm.
The lower court obviously declined to infer from the circumstances testified to by the witnesses of each litigant that the other litigant had committed adultery. This is in accord with the trial court’s discretion in determining credibility and our recognition of the great weight to which this determination is entitled on appellate review. Sampognaro v. Sampognaro, 211 La. 105, 29 So.2d 581 (1947); and Blackman v. Blackman, 253 So.2d 672 (La.App. 2d Cir. 1971).
The lower court ordered the husband to pay $700 per month as temporary alimony, plus an additional $100 per month until such time as the family home where the wife is living is sold. The husband was also ordered to continue coverage for his wife on medical insurance policies he has maintained through his employment. The wife was ordered to make the monthly mortgage payments on their family home. It was shown that the husband’s annual income is in excess of $30,000. We find no abuse of discretion by the lower court in respect to the temporary support provisions. Whitmeyer v. Whitmeyer, 326 So.2d 884 (La.App. 2d Cir.1976).
During the course of the parents’ marital distress, the 16V2-year-old son was temporarily placed in a detention home. The son refused to live with his mother and during the period of marital distress, was not receiving parental supervision from his father. In earlier pendente lite proceedings, the lower court stated to the son and the litigants:
“. . . since being [in the detention home] and having supervision, it seems *973 that . . . you have done better in school. You have had some discipline. [You have had] . . . access to a car, a liberal allowance, liberal use of a gas credit card. So you can . . . run the streets. I don’t think that is good for you . . . but you just never had anyone there to really say stop and don’t do it. The Court was greatly concerned with the fact that you had been permitted to associate with people four years older than you are where drinking took place and by your own testimony, you drank. . . . I am going to award the custody of you to the Court . where I have control over you, where on a moment’s notice I can move you . I am going to allow you to temporarily reside with your father, and let’s make one thing perfectly clear; I am going to ask [a school official] to make a monthly report to me of your attendance, your grades, your attitude, and if I find these are not satisfactory, [the lawyers do not] need to come into this Court . then I can move because you are my responsibility right now ... I know you did not like it at [the detention home] and it is not the place that I want to see you grow up, but make one thing certain; if I feel that is the only way you are going to get an education . then I will see to it that is the way you get an education . . . ”
Following these remarks and for the next several weeks of the proceedings, the son lived with his father and when his father was away on business, with his mother, generally as directed by the court. The son’s grades and attendance record in school did improve under this arrangement of reasonably close supervision by the lower court. This was the “custody” which was “retained” by the lower court in its judgment on the merits.
Considering the age and history of the child and Edisen v. Edisen, 236 So.2d 528 (La.App. 4th Cir. 1970); 297 So.2d 787 (La.App. 4th Cir. 1974), we do not find any abuse of discretion below. Unique custody decrees are the product of unique cireum-stances which call for a greater measure of judicial supervision than that normally employed. Edisen, supra.
Costs here and below are assessed against the husband as head and master of the community estate.
AFFIRMED.