STOULIG, Judge.
Plaintiff, Western Lands Company, filed suit to annul a tax sale on property it purchased from Walter Charles Wente in 1971. In 1966 the land had been sold for unpaid taxes assessed against Wente. Plaintiff, as subrogee of the tax debtor, alleged Wente was not notified as required by law, hence the tax sale was a nullity. When it attempted to confirm a default judgment to this effect, plaintiff’s suit was dismissed. It has appealed.
The record before us is incomplete because there is no transcript of the trial court proceeding or written narrative of fact in lieu thereof (C.C.P. art. 2131). However, we assume that the exhibits filed in the record and enumerated below were properly introduced and form the documentary proof[1] tendered by plaintiff to support its claim. These exhibits are:
1. A certified copy of an act of sale dated November 10, 1928, conveying title to Walter Charles Wente, the tax debtor.
2. A conveyance certificate issued by a notary public for the Parish of St. Charles, dated March 11, 1974, showing a tax sale of Square No. 34, Section C, Lakeland Gardens on June 13, 1966.
3. A letter issued by a deputy tax collector in the St. Charles Parish Sheriff’s office stating (a) an order of the Louisiana Tax Commission (dated January 11, 1966) directed the omitted property be entered on the tax rolls in the name of Walter Charles Wente, without furnishing an address; (b) two newspaper advertisements (one on. January 27, 1966 and the other on February 3, 1966) were run in an attempt to locate the tax debtor; and (c) when these ads produced no results, the property was advertised as required by law and sold for taxes on June 11, 1966.
4. A copy of the tax deed reciting, inter alia, that notice to the tax debtor was mailed and published, and due notice of the tax sale to be held on June 11, 1966 was advertised in the official journal on May 12 and June 9, 1966 — all of the foregoing as required by law.
*414 5. A true copy of the sale from the tax debtor to plaintiff dated June 9, 1971.
6. A true copy of the sale from Brown Title Corporation (the tax purchaser’s vendee) to Mrs. Janet Begg.
The documentary evidence confirms that two publications were made within ten days (January 29 and February 3, 1966) thereby fulfilling the requirements of R.S. 47:1966 for the listing and assessment of omitted property of unknown owners. However the process-verbal of the tax deed reflects that the advertisements of the June 11, 1966 tax sale were published on May 12 and June 9, 1966 ostensibly in compliance with R.S. 47:2181. Under this statute “ * * * the tax collector shall proceed to advertise for sale the consolidated delinquent tax list under one form * * * as provided for judicial sales of immovable property on which the taxes are due * * (Emphasis added.)
Advertisements for judicial sales of immovable property are governed by R.S. 43:203, which requires two publications, one at least 30 days before the sale and the second, not earlier than seven days or later than the day before the judicial sale. According to this statute in computing the time interval after the first advertisement, neither the date of publication nor the date of the sale is included.
In checking the publication dates recited in the tax deed, we note there is noncompliance because the sale was held on the thirtieth day after the first advertisement appeared. We also note that a search of the record fails to disclose if there was any notice of delinquency by publication to unknown or nonresident owners as set forth in R.S. 47:2180. Noncompliance with either of these mandatory provisions of our statutes strikes the tax adjudication with nullity. Lipps v. Zor, Incorporated, 170 So.2d 915 (La.App. 4th Cir. 1965).
However, because of the unusual circumstances surrounding this matter we do not deem it advisable to pass upon the validity of the tax sale but are constrained to remand it to the trial court for further proceedings. Our action is prompted by several factors: (1) This is a default proceeding and the only litigant before the court is seeking to invalidate the tax sale. (2) The documentary proof that suggests the notice requisites were not met is secondary evidence, i. e. a letter from the deputy tax collector and the tax deed. The best evidence of such notice — a certificate of publication together with a copy of the advertisement — might produce a different result. (3) Plaintiff acquired the tax debtor’s interest for $200 on June 9, 1971, four days before the expiration of the five-year per-emption period (LSA-Const. Art. 10 § 11) and filed suit two days later, also within this prescribed time limit At the time of suit the tax purchaser had divested himself of title to the Brown Corporation, who on March 14, 1969 (also prior to the filing of the nullity action) conveyed title to the defendant Beggs for $3,750. The Beggs were not made parties defendant by supplemental petition until November 7, 1973. No return of service of the original and/or supplemental petition and citation on Beggs is in the record. Preliminary default against Beggs was entered on February 12, 1974 and the judgment dated May 1, 1974 dismissed the plaintiff’s suit.
For the foregoing reasons the judgment of the trial court is annulled and the matter remanded for further proceedings consistent with the views herein expressed. Assessment of costs is to await the final disposition of this action.
Annulled and remanded.

. The trial judge rendered a written opinion in which he alluded to these exhibits, thus we assume they were admitted into evidence.