DOMENGEAUX, Judge.
This appeal arises from a judgment increasing child support from $600.00 per month to $800.00 per month.
Appellant-husband and appellee-wife were granted a judgment of divorce on July 8, 1980, which judgment also awarded custody of the parties’ four (4) minor children to the appellee, and further ordered the appellant to pay $750.00 per month for child support.
Subsequently, on March 16, 1981, a judgment was signed reducing the child support payments from $750.00 per month to $600.00 per month.
On September 22, 1983, the appellee filed a rule nisi seeking an increase in child support. The rule was tried on October 10, 1983, resulting in an order which compelled appellant to pay monthly child support in the sum of $200.00 per child for a total monthly child support payment of $800.00.[1]
On appeal appellant contends that the order increasing child support was erroneously rendered, as there was insufficient evidence presented at trial to prove a change in the circumstances of the parties from the time of the original award.
The record of this case does not contain a transcript of the testimony adduced at the trial of the rule nisi. For whatever reason, the testimony was not recorded and transcribed.
Nor does the record contain a narrative of facts agreed to by the parties. Further, it does not contain a narrative of fact prepared by the trial judge.
*978 The appellant suggests that in the absence of a transcript or a narrative of facts, the Court of Appeal can render an opinion based upon an “otherwise complete record which includes pleadings and affidavits of income and expenditures”. He cites Western Lands Company v. Lindsay, 307 So.2d 412 (La.App. 4th Cir.1975) for the proposition that a Court of Appeal may make factual determinations based upon exhibits filed in the record when there is neither a transcript nor a written narrative of the facts.
We distinguish Western Lands, supra. That case was before the trial court to confirm a default judgment annulling a tax sale. The trial judge therein rendered a written opinion in which he alluded to certain exhibits tendered by plaintiff to support his claim, such as the act of sale, a conveyance certificate showing the tax sale, a letter from the Deputy Tax Collector referring to the dates of advertisement for the tax sale, and a copy of the tax deed concerning notice, etc. The appellate court concluded there was sufficient evidence in the record to consider the appeal. Factually, that case is quite dissimilar to our present situation. Western Lands involved a tax sale, which has statutorily required time periods relative to the advertisement of the sale and the notice which must be given to the tax debtor prior to the sale. The appellate court was able to determine from the exhibits that the tax sale was invalid because it was not held in conformity with the statutory requisites.
In the case at hand the proceedings were adversarial in nature. A trial was held and the parties testified in conjunction with the affidavits. During the course of the trial the district judge observed more than the cold, hard, impersonal documents which were entered into evidence. He observed the demeanor and testimony of the witnesses and parties as they testified. The district judge’s factual determination in this case was not made solely on the basis of sworn affidavits, but rather, after observing and considering all of the evidence before him.
The factual situation before this Court precludes us from overruling the district court solely on the basis of exhibits and pleadings filed into the record. We cannot make a factual determination by merely considering affidavits and pleadings and ignoring the evidence and testimony which obviously was adduced at trial.
Although we feel that Western Lands, supra, is readily distinguishable from the facts in the case at hand, nevertheless to the extent that it may differ from the established jurisprudence which we follow herein, we would disagree with it.
“Under the plain provision of our Code of Civil Procedure, Articles 2130 and 2131, a party may require the clerk to cause the testimony to be taken down in writing, and this transcript shall serve as the statement of facts of the case (Article 2130). If the testimony of the witnesses has not been taken down in writing, the appellant must request the other party to join with him in a written and signed narrative of facts. And, in case of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts which shall be conclusive. (Article 2131).
When testimony has been taken in the trial court, it should be recorded and introduced in the record on appeal. If it has not been taken down in writing, the burden is upon appellant to furnish, as part of the record on appeal, either an agreed statement of facts entered into between the parties or a narrative of facts by the judge.”
Succession of Walker, 288 So.2d 328 (La.1974). (Citations omitted).
The record does not contain a transcript of the trial proceedings, a written narrative of facts agreed to by the parties, or a written narrative of facts prepared by the trial judge. Under such circumstances and considering that the respective claims of the parties present factual issues, this Court must presume that the judgment of the district court increasing the award of *979 child support is correct and supported by competent evidence. Vaughan v. Fair, 337 So.2d 675 (La.App. 3rd Cir.1976), and Gardemal v. MCM Industries, Inc., 398 So.2d 144 (La.App. 3rd Cir.1981), writ denied, 401 So.2d 994 (La.1981).[2]
For the above and foregoing reasons the judgment of the district court is affirmed. All costs of this appeal are assessed to defendant-appellant.
AFFIRMED.

. Subsequent to the decision of the district court the appellant appealed. Appellant did not file his brief with this Court within the delay period prescribed by the uniform rules of the Courts of Appeal. Several days after appellant’s brief was due he moved this Court for a stay of further proceeding and for a written narrative of facts. We denied appellant's motion. Appellant applied for writs of certiorari and review to the Louisiana Supreme Court. The High Court stayed all proceedings in this matter for 30 days in order for appellant to obtain a written narrative of facts and file his brief with this Court. See Linda Moreau Cox v. Bennie Lee Cox, 449 So.2d 1028 (La.1984).

. This case presents an opportunity for the Supreme Court to elucidate upon the consequences visited upon an appellant in the situation where his appeal does not conform with the requisites of Louisiana Code of Civil Procedure Articles 2130 and 2131.
This Circuit has followed the rule that where Articles 2130 and 2131 have not been complied with there is a presumption that the district court's factual determination is correct.
In Succession of Walker, supra, the Supreme Court held that noncompliance with Articles 2130 and 2131 results in there being nothing for appellate review. However, in so holding, the High Court cited cases which held that nonconformity results in a presumption of the correctness of the district court decision.
Although this anomalous hiatal semantic does not present earth shaking complications in our jurisprudence, it should be clarified, hence we would ask of the High Court: Should the result be reached "because there is a presumption that the district court's factual determination is correct” or "because there is nothing for appellate review"?