1, McMANUS, Judge.
This case involves a 1995 City of Gretna tax sale of immovable property formerly owned by the Plaintiff, San Roman Enterprises, Inc. For the reasons set forth below, we affirm the judgment of the trial court granting summary judgment in favor of San Roman Enterprises and annulling the 1995 tax sale to Kathleen and Lester Plaisance.
STATEMENT OF THE CASE
On August 9, 2000, San Roman filed a Suit to Annul Tax Sales, alleging violations of the applicable laws involving tax sales of immovable property. The tax sale at issue occurred in 1995. The subject property consisted of five commercial lots on Stumpf Boulevard in the City of Gretna. Defendants, Kathleen and Lester Plai-sance (hereinafter “Plaisance”) obtained the property via the tax sale. Plaisance reconvened in the lawsuit seeking confirmation of the tax sale and further demanding that San Roman deposit the amount of the taxes and interest in the registry of the court, as required by Article VII, Section 25 of the Louisiana Constitution. San Roman complied and did deposit these funds into the registry of the court.
On February 7, 2001, San Roman filed a Motion for Summary Judgment seeking nullity of the tax sale on several grounds. Citing violations of La. R.S. 43:203 and La. R.S. 47:2184, the trial court granted summary judgment and annulled the four tax sales. From this judgment, Plaisance has appealed.
LAW AND ANALYSIS
The question presented on appeal is the validity vel non of the 1995 City of Gretna tax sale of the subject property to Plai-sance. In its petition to nullify the tax sale, San Roman asserted the following grounds in support: 1) lack of the twenty day notice of delinquency; 2) failure to record a process verbal deed of the giving of notice; 3) failure to properly advertise the four subject properties; and 4) failure of the City Tax Collector to offer undivided or less than whole interests in the subject properties. The trial court decided the Motion for Summary Judgment on the final two grounds listed above. Accordingly, on appeal we only address these two grounds.
1 ¡¿First, the trial court found that the tax sale should be annulled because of a failure to properly advertise the four subject properties. La. R.S. 43:203 provides as follows:
When two publications are required of notice of a judicial sale by public auction, the first newspaper advertisement of *790 such notice shall be published at least thirty days before the date of the judicial sale, and the second advertisement shall be published not earlier than seven days before, and not later than the day before, the judicial sale.
The purpose of the statute is to provide notice to the public of a bid on the property and notice to the tax debtor, who, upon reading the advertisement, can be alerted that its property is to be sold at a public auction.
The tax sale occurred on October 31, 1995. The first advertisement in the Times Picayune appeared on October 12, 1995. The second advertisement appeared on October 26, 1995. There is no question that the timing of the first advertisement does not conform to the requirements of La. R.S. 43:203. There were only twenty-two days between the first advertisement and the actual sale. The statute requires that there be a published advertisement at least thirty days before the sale. Therefore, as a matter of law, this tax sale did not conform to La. R.S. 43:203.
The question now is whether such a violation mandates that the tax sale be declared a nullity. We hold that it does. In Western Lands v. Lindsay, 307 So.2d 412 (La.App. 4 Cir.1975), the court was faced with a similar situation and held as follows:
Advertisements for judicial sales of immovable property are governed by La. R.S. 43:203, which requires two publications, one at least 30 days before the sale and the second, not earlier than seven days or later than the day before the judicial sale.
The court concluded that noncompliance with this provision renders the tax sale a nullity. Id.
The only explanation from the City of Gretna Tax Collector was that she was not aware of this law. The record reveals that this tax sale was one of the first sales conducted by the tax collector. Plaisance argues that this omission was merely a technicality. We disagree. La. R.S. 43:203 is a mandatory provision dealing with the tax sale of immovable property. Accordingly, the judgment of the trial court granting summary judgment in favor of San Roman and annulling the 1995 tax sale is affirmed.
AFFIRMED.