| CRESCENT CITY PROPERTY REDEVELOPMENT ASSOCIATION, LLC | * | NO. 2020-CA-0421 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| | * | |
| CARMEN G. MUNIZ; DES CAPITAL, LLC; NEW ORLEANS LAND HOLDINGS, LLC; RICHARD RACHAL SDIRA, LLC; CITY OF NEW ORLEANS | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-09728, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *

(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge Edwin A. Lombard)


JULIUS C. FORD
LAW OFFICE OF J. CHRISTOPHER FORD, LLC
927 Kerlerec Street
New Orleans, Louisiana 70116
    COUNSEL FOR PLAINTIFF/APPELLANT

WESLEY M. PLAISANCE
BREAZEALE, SACHSE & WILSON, L.L.P.
909 Poydras Street, Suite 1500
New Orleans, Louisiana 70112
-and-
LAURA S. ACHORD
300 Washington Street, Suite 210
Monroe, Louisiana 71201
    COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED**

**FEBRUARY 10, 2021**

The plaintiff, Crescent City Property Redevelopment Association, LLC

("CCPRA") appeals a trial court judgment[1] holding that: (1) the tax sale and tax

sale deed for property in New Orleans, located at 3028-30 Bienville Street, and

held by CCPRA are an absolute nullity for lack of sufficient pre-tax sale notice and

for lack of pre-tax sale advertisement, and (2) CCPRA lacks just title to the

Bienville Street property.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

On November 10, 1994, Carmen G. Muniz purchased the property located at

3028-30 in New Orleans by credit sale, which was recorded in the conveyance

records for Orleans Parish as instrument number 96169.  On August 5, 1997, a

judgment was recorded in the mortgage records for Orleans Parish in favor of the

Succession of Roy J. Gonzalez, Winifred Gonzales Dolan, Althea Rodriguez

Maroney, and Michael J. Rodriguez (the record lienholders), which granted a

---

[1] The trial court's judgment actually encompassed the granting of two motions for partial
summary judgment filed by defendant, Richard Rachal SDIRA, LLC.

1

judicial mortgage over the property as well as a legally protected mortgage over the property.

On November 17, 1997, Arizona Pacific, LP acquired an ownership interest via a tax sale for unpaid 1996 taxes on the property. The tax sale deed was recorded in the conveyance records of Orleans Parish on May 8, 1998. Des Capital, LLC acquired the rights under the tax sale deed by a quitclaim deed from Arizona Pacific, LP, which was recorded in the conveyance records of Orleans Parish on May 3, 2002.

CCPRA purchased the property on November 18, 2002 at a tax sale for unpaid *ad valorem* taxes for the years 1997-2001. The tax sale deed was recorded in the conveyance records of Orleans Parish on July 18, 2003. On the face of the tax sale deed, the City of New Orleans provided notice to Carmen G. Muniz and published two advertisements prior to the tax sale in *The Times Picayune* on October 18, 2002 and November 14, 2002.

New Orleans Land Holdings, LLC purchased the property at a tax sale on November 26-28, 2007 for unpaid *ad valorem* taxes for the years 2002-2005. The tax sale deed was recorded in the conveyance records of Orleans Parish on February 22, 2008.

On September 14, 2010, Richard Rachal SDIRA, LLC (Rachal) purchased the tax sale title to the property at a tax sale for unpaid *ad valorem* taxes for the years 2007-2009. The tax sale certificate was recorded in the conveyance records of Orleans Parish on November 4, 2010.

The City of New Orleans adjudicated the property at a tax sale on September 25, 2012 for unpaid *ad valorem* taxes for the years 2010-2011. The tax sale certificate was recorded in the conveyance records for Orleans Parish on July 16, 2015.

On October 12, 2015, CCPRA filed a petition to quiet title and annul tax sales against Carmen G. Muniz, Des Capital, LLC, New Orleans Land Holdings, LLC, Rachal, and the City of New Orleans, seeking a judgment decreeing that it owned the property in absolute unconditional ownership. On March 15, 2016, Ms. Muniz assigned all of her rights, title, and interest in and to the property as well as all rights to set aside or nullify the tax sale and the tax sale deed based on "lack of pretax sale notice, insufficient publication or any other defense" to Rachal via a quitclaim deed recorded in the conveyance records of Orleans Parish on March 16, 2016.

Rachal filed a motion for partial summary judgment on April 23, 2019, seeking a declaration that CCPRA lacked just title to the property due, in part, to the fact that there were three tax sales for the property (November 26-28, 2007, September 14, 2010, and September 25, 2012) after the tax sale to CCPRA on November 18, 2002. Rachal also argued that the tax sale deed was defective on its face because it listed invalid pre-tax sale advertisement dates, failed to list Des Capital LLC, a record owner, and failed to list the record lienholders for pre-tax sale notice. CCPRA filed an opposition to the motion for partial summary

judgment based on the grounds that it was the rightful owner of the property via ten (10) year acquisitive prescription.

Rachal filed another motion for partial summary judgment on November 15, 2019, seeking a declaration that the tax sale of the property and the tax sale deed were an absolute nullity for lack of sufficient pre-tax sale notice and lack of sufficient pre-tax sale advertisement. On January 29, 2020, CCPRA filed a supplemental memorandum in opposition to this motion. CCPRA contended that the court's analysis of just title to the property was limited to review of the four corners of the 2003 deed, and asserted that the 2003 deed was valid on its face.

A hearing on the motions for summary judgment took place on February 14, 2020. The trial court granted partial summary judgment on the first motion finding that CCPRA lacked just title to the property. The trial court also granted partial summary judgment on the second motion, declaring that the tax sale and the tax sale deed held by CCPRA were an absolute nullity for lack of sufficient pre-sale notice and lack of sufficient pre-sale advertisement. The trial court's judgment was rendered in open court on February 14, 2020 and signed on February 28, 2020. It is from this judgment that CCPRA now appeals.

**DISCUSSION**

On appeal, CCPRA raises the following assignments of error: (1) the district court erred by declaring that CCPRA's tax sale deed is not just title when the tax sale deed is written, valid in form (notary, two witnesses, legal property description, appearance and declaration by city tax assessor), and filed for registry

4

in the conveyance records for Orleans Parish; (2) the district court erred by declaring that CCPRA's tax sale is an absolute nullity when the affidavit testimony of two different city officials contradicted each other regarding tax sale notices, creating a triable issue of fact; (3) the district court erred by placing the burden of proof on CCPRA in its summary judgment analysis; and (4) the district court erred by incorrectly treating Derrick Muse's affidavit as having been objected to by Richard Rachal SDIRA, LLC in its summary judgment analysis.

Appellate courts review the grant or denial of a motion for summary judgment *de novo,* using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. *Mandina, Inc. v. O'Brien*, 13-0085, pp. 8-9 (La.App. 4 Cir. 7/31/13), 156 So.2d 99, 104 (internal citations omitted); *see also* La. C.C.P. arts. 966 and 967.

A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree. If reasonable persons could reach

only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. *Id.*

CCPRA contends that it has just title to the property because its tax sale deed was in proper form, i.e., it was a written, authentic act that included a legal property description, an appearance and declaration by the tax assessor, and it was recorded in the conveyance records of Orleans Parish. As such, it should constitute just title for acquisitive prescription purposes.

However, the undisputed facts and evidence establish that CCPRA's tax sale deed was an absolute nullity and defective on its face due to its failure to comply with Louisiana Constitution Article VII, Section 25(A) and La. R.S. 43:203(2), governing pre-tax sale publications. The tax sale deed also fails to list/provide written pre-tax sale notice to record owners or list/provide written pre-tax sale notice to record lienholders.

The Constitution provides:

> There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales.

La. Const., Art. VII, Sec. 25(A).

La. R.S. 43:203(2) states:

> When two publications are required of notice of a judicial sale by public auction, the first newspaper advertisement of such notice shall be published at least thirty days before the date of the judicial sale, and the second advertisement shall be published not earlier than seven days before, and not later than the day before, the judicial sale.

6

Louisiana courts have recognized that La. R.S. 43:203 is a mandatory provision that the tax collector must follow in connection with tax sales and that a tax sale is an absolute nullity where the first advertisement is published thirty days or less prior to the sale in violation of La. R.S. 43:203(2). See *Western Lands Co. v. Lindsay*, 307 So.2d 412, 414 (La.App. 4 Cir. 1975); see also *San Roman Enterprises, Inc. v. Plaisance*, 01-1082, p. 2 (La.App. 5 Cir. 12/26/01), 806 So.2d 788, 790.

In the instant case, the tax collector failed to comply with this mandate, which is apparent from the face of CCPRA's tax sale deed. The tax sale occurred on November 18, 2002. On its face, the tax sale deed provides that the tax collector published notice of the tax sale on October 18, 2002 and November 14, 2002. Thirty days from November 18, 2002 was October 19, 2002, which was a legal holiday. Pursuant to La. C.C.P. art. 5059 (dealing with computation of time), October 19, 2002 could not be the thirtieth day. Due to the fact that the first publication was on October 18, 2002, the thirtieth day prior to the tax sale, it violated the strict measures of La. R.S. 43:203(2). Therefore, the tax sale deed is defective on its face for lack of proper pre-tax sale notice by advertisement. Accordingly, the trial court's ruling that CCPRA lacked just title to the property was correct.

The tax sale deed is also defective on its face due to failure to list record owners and record lienholders. Lack of pre-tax sale notice to a record owner is a constitutional due process violation to a tax sale and renders it an absolute nullity. *Smitko v. Gulf South Shrimp, Inc.,* 11-2566, p. 5 (La. 7/2/12), 94 So.2d 750, 757. The requirement of pre-tax sale notice to record owners and record lienholders has been in place since the United States Supreme Court promulgated its opinion in

7

*Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). "[T]he failure to provide notice of delinquency to an owner or mortgagee offends the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and consequently, renders the tax sale an absolute nullity, such that neither preemption nor prescription can save the sale." *Orleans Dist. Redevelopment Corp. v. Ocwen Loan Servicing, L.L.C.*, 11-0260, pp. 11-12 (La.App. 4 Cir. 12/21/11), 83 So.3d 105, 112.

On the face of the tax sale deed in the instant case, the tax collector only issued notice to Carmen Muniz. The tax sale deed provides: "I made and mailed to the said Ms. Carmen G. Muniz by certified letter a notice in conformity with said Laws of the State . . ." The facts established that Des Capital, LLC was also a record owner based on its recorded tax sale deed and quitclaim deed, and that the succession of Roy J. Gonzales, Winifred Gonzales Dolan, Althea Rodriguez Maroney, and Michael J. Rodriguez were mortgage holders by virtue of a recorded judgment dated August 5, 1997, which granted a judicial mortgage of record over the property and a legally protected mortgage over the property. The City of New Orleans and its tax collector are deemed to have knowledge of its publicly recorded and legally protected interests in the property based on the recorded tax sale deed, quitclaim deed, judgment, and the public records doctrine. The failure to provide written pre-tax sale notice to Des Capital, LLC and to the lienholders of record is apparent from the face of the tax sale deed and thus renders the 2002 tax sale and CCPRA's tax sale deed defective on its face and an absolute nullity.

CCPRA also lacks just title because three tax sales of the property took place after it had purchased the property. The dates of these sales were November 26-28, 2007, September 14, 2010, and September 25, 2012. Louisiana jurisprudence

8

does not allow a party to claim just title where it has not paid the taxes and the property is sold at a tax sale. See *Cole v. Martin*, 343 So.2d 334, 336 (La.App. 2 Cir. 1977).

The law and facts establish that CCPRA lacked just title due to failure to comply with pre-tax sale publication requirements, failure to provide pre-tax sale notice to record owners and record lienholders, and because the property was sold at a tax sale three times after CCPRA purchased the property at a tax sale. Any one of the notice and publication defects is fatal to the tax sale deed and renders it an absolute nullity. Therefore, under Louisiana law, an absolutely null deed cannot serve as just title for acquisitive prescription. *Willie v. Cox*, 222 So.2d 85 (La.App. 3 Cir. 1969); *see also* La. C.C.P. art. 3483 Comment (c).

In its second and third assignments of error, CCPRA contends that the trial court shifted the burden of proof to CCPRA to prove that the City of New Orleans sent tax sale notices.

La. C.C.P. art. 966(D)(1) provides:

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

In the instant case, Rachal introduced: (1) a true and correct copy of the tax sale deed issued to CCPRA, (2) a true and corrct copy of the recorded credit sale of the property to Carmen Muniz, (3) a judgment recorded in the mortgage records for Orleans Parish on August 5, 1997 in favor of the record lienholders granting them a judicial mortgage over the property, (4) a true and correct copy of Des

9

Capital, LLC's tax sale deed, (5) a true and correct copy of the recorded quitclaim deed from Arizona Pacific LP to Des Capital, LLC, and (6) the tax sale deeds from the three tax sales of the property (2007, 2010, and 2012) after CCPRA purchased the property in 2002. In support of its position, Rachal also introduced the affidavit of Walter O'Brien, Jr., who had served as the Finance Operations Manager for the Bureau of Treasury for the City of New Orleans for more than twenty years.

When the party moving for summary judgment has made a prima facie showing that the motion should be granted, "the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain." See *Foster v. Consolidated Employment Systems, Inc.*, 98-948, p. 5 (La.App. 5 Cir. 1/26/99), 726 So.2d 494, 495. "If the former owner 'offers evidence sufficient to rebut the presumption of regularity, it then becomes the duty of the tax purchaser to go forward and prove that all requisites for a valid tax sale were complied with.'" *Smitko*, 11-2566, p. 11, 94 So.3d at 758. Rachal introduced competent evidence to establish facts sufficient to overcome the presumption of the validity of the tax sale on several grounds, i.e., failure to provide pre-tax sale notice to a record owner, failure to provide pre-tax sale notice to record lienholders, and failure to comply with pre-tax sale publication. Therefore, the burden shifted to CCPRA to present competent evidence establishing a genuine issue for trial, which it failed to do. The district court's application of the burden of proof on summary judgment was correct.

In its final assignment of error, CCPRA complains that the district court erred in its summary judgment analysis by finding that Derrick Muse's affidavit was insufficient to create a genuine issue of material fact. However, Mr. Muse

10

failed to set forth any specific facts to establish that the record owners and record lienholders were provided pre-tax sale notice. Except for Carmen Muniz, Mr. Muse did not identify any other record owner or the record lienholders by name. He did not provide the addresses to which the notices were sent. He did not attest to the dates that each record owner and record lienholder were provided notice, the method of how notices were sent, or state where the records of the notices are located. He merely stated that notices were sent to all parties "to the best of his knowledge, information, and belief." These are merely conclusory allegations on the part of Mr. Muse.

"[A]ffidavits with conclusory allegations of fact which are devoid of specific facts are not sufficient to defeat summary judgment." *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 09-1633, p. 16 (La. 4/23/10), 35 So.2d 1053, 1062 (internal citations omitted); *Surcouf v. Darling*, 15-0278 (La.App. 4 Cir. 10/21/15), 177 So.3d 1085, 1093. Accordingly, the trial court correctly determined that Mr. Muse's affidavit was insufficient (and provided nothing specific to contradict the affidavit of Mr. O'Brien) to establish a genuine issue of fact regarding whether the record owners and record lienholders were provided pre-tax notice.

**CONCLUSION**

For the above and foregoing reasons, we affirm the trial court's granting of summary judgments in favor of the defendants and the dismissal of the plaintiff's case.

**AFFIRMED**

11