GADREL, L.L.C.

VERSUS

SILVIO GURDIAN

NO. 22-CA-572

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 789-058, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

October 18, 2023

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Stephen J. Windhorst

**AFFIRMED**
  **RAC**
  **JGG**
  **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
GADREL, LLC
      James E. Uschold
      Mark J. Boudreau
      Paul W. Pritchett

COUNSEL FOR DEFENDANT/APPELLANT,
SILVIO GURDIAN
      Scott J. Sonnier

**CHAISSON, J.**

In this case arising from tax sales of immovable properties, Silvio Gurdian appeals a September 8, 2022 judgment of the trial court denying his motion for summary judgment, dismissing his reconventional demand, granting a partial motion for summary judgment filed by Gadrel, L.L.C., and declaring Gadrel the full owner of the immovable properties. For the following reasons, the judgment of the trial court is affirmed.

**BACKGROUND**

This case concerns two parcels of immovable property located in the City of Kenner, Parish of Jefferson, bearing the municipal addresses of 4104 and 4116 Delaware Avenue.[1] These properties were acquired by Gurdian pursuant to a cash sale on December 12, 1997. In 2012, the City of Kenner assessed taxes on the properties that Gurdian failed to pay.[2]

On July 6, 2015, the City of Kenner sent Gurdian a Tax Sale Mennonite Notice, via certified mail, for each of the subject properties informing him of the unpaid delinquent taxes and requesting payment. The Notices stated that if the taxes were not paid, the City of Kenner would proceed to sell tax sale title to the properties at the Kenner City Council Chambers beginning on September 17, 2015. The Notices further advised him that if tax sale titles to the properties were sold, he would have three years from the date of the filing of the tax sale certificates within which to redeem the properties, provided that the past due amounts and other penalties and costs were paid. These Notices were delivered to 4700 Rebecca Boulevard, Metairie, LA, 70003, where they were received and signed for on July 10, 2015.[3]

---

[1] The improvements on each parcel consist of four-plexes which are rented and not occupied by the owner.

[2] The unpaid principal owed amounted to $352.82 for each property. Gurdian claims this amount is incorrect, but has provided no evidence of an alternative assessment valuation.

[3] The record evidence indicates that these certified mailings were signed for as received by M. Farrow, Gurdian's then girlfriend. In his deposition, Gurdian stated that his live-in girlfriend signed for some

The City of Kenner's advertisements for the September 17, 2015 tax sales were published on August 19 and September 9, 2015. At the September 17, 2015 sale, Gadrel acquired tax sale title certificates to both of the Delaware Avenue properties. Following the sale, on October 6, 2015, Gurdian was sent a Post Sale Notice informing him that tax sale titles to the properties were sold to Gadrel for delinquent 2012 taxes and that he had three years from September 17, 2015, to redeem the properties by paying the City of Kenner the amount owed.[4]

On January 11, 2017, Gadrel mailed Gurdian a letter informing him of the tax sales and the three-year redemptive period for the payment of the delinquent taxes. This letter included a copy of the September 17, 2015 tax sale certificate purchased by Gadrel. More notices informing Gurdian of the tax sales, the redemptive period, and the taxes owed on the Delaware properties were sent by Gadrel on January 23, 2018, via certified mail, which was delivered and signed for on February 6, 2018.

Gurdian did not pay the taxes owed on the properties within the three-year redemptive period. No proceeding to annul the tax sales was filed during the three-year redemptive period.

On October 30, 2018, Gadrel filed a petition to confirm and quite title and for declaratory judgment seeking to transfer ownership of the Delaware Avenue properties to himself and terminate Gurdian's interest in them pursuant to the procedures for tax sales and redemptions set forth in Title 47 of the Louisiana Revised Statutes. In the petition, Gadrel states that reasonable attempts were made to duly notify Gurdian of the tax sales and his right to redeem the properties more than six months prior to the end of the redemptive period, as required under La.

letters, but that he sometimes did not get the letters she signed for because she misplaced them. He also stated that he did receive the other three notices the City of Kenner sent him around July and October of 2015, about the delinquent taxes and property tax sales.

[4] The tax sale certificates conveyed to Gadrel were filed and recorded on September 21, 2015.

R.S. 47:2122. Gadrel attached to his petition copies of the notices and certified mailing certificates that he sent to Gurdian.

On May 2, 2019, Gurdian filed an answer and reconventional demand against Gadrel in which he alleged that the Tax Collector failed to properly notify all interested parties of the delinquency and the tax sale in accordance with the Louisiana Constitution, Louisiana Revised Statutes, and the due process clause of the United States Constitution. He further alleged that due to the failure to properly notify him, and the failure to conduct the tax sale properly, the subject tax sale is an absolute nullity. Gurdian expressly argues that a post-tax sale notice under the 2008 revisions to the laws regarding tax sales cannot cure constitutionally defective pre-tax sale notice.[5] Both Gadrel and Gurdian filed motions for summary judgment. On September 8, 2022, the trial court rendered a judgment denying with prejudice Gurdian's motion for summary judgment, granting Gadrel's motion for partial summary judgment, and dismissing with prejudice Gurdian's reconventional demand to annul the tax sale. The judgment also declared Gadrel the full owner of both of the Delaware Avenue properties by virtue of the tax sale certificates and confirmed and quieted the titles in favor of Gadrel.

On appeal, Gurdian argues that the trial court erred in failing to find that the inadequate advertisements rendered the tax sale a nullity and that the district court erred in granting the motion for summary judgment because the statutory scheme for tax sales provided in the La. R.S. 47:2121, *et seq.*, is unconstitutional. We consider these arguments in our discussion below.

---

[5] The City of Kenner was also added as a third-party defendant. Gurdian's claims against the City of Kenner were dismissed with prejudice pursuant to an April 22, 2022 judgment of the trial court sustaining peremptory exceptions of no cause of action and peremption. That judgment is not the subject of this appeal and is therefore not considered in this appeal.

22-CA-572                                    3

**DISCUSSION**

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Cantrelle v. Brady*, 22-272 (La. App. 5 Cir. 2/27/23), 359 So.3d 85 (citing *In re Succession of O'Krepki*, 16-50 (La. App. 5 Cir. 5/26/16), 193 So.3d 574, 577). A motion for summary judgment should be granted if, after an adequate opportunity for discovery, the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(4). In this matter, the parties agree that there are no genuine issues of material fact and that the dispute before them is a matter of law.

*Advertisements under La. R.S. 43:203*

The first legal question at the heart of the parties' dispute is how many advertisements are required to be published in the newspaper prior to the tax sale under Louisiana law.

The relevant provision of the Louisiana Constitution provides:

There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales.

La. Const., Art. VII, Sec. 25(A).

The "manner provided by law" in the above section is stated in the Louisiana Revised Statutes section on Judicial advertisements, which states in pertinent part:

When publication is required by law of any notice of a judicial sale, … or of any other notice in a judicial proceeding:

(1) When only one publication is required by the applicable code or statutory provision, the newspaper advertisement of such notice shall be published at least ten days before the date of the

judicial sale, or the expiration of the delay allowed in the notice for the filing of an opposition or answer, or for any other appearance or act;

(2) When two publications are required of notice of a judicial sale by public auction, the first newspaper advertisement of such notice shall be published at least thirty days before the date of the judicial sale, and the second advertisement shall be published not earlier than seven days before, and not later than the day before, the judicial sale;

…

La. R.S. 43:203

The parties dispute whether subsection (1) or (2) of this statute applies. Gadrel argues that subsection (1) is applicable and that only one advertisement is necessary because the Constitution uses the word "advertisement" in the singular, not the plural, and therefore the Constitution cannot reasonably be constructed to require more than one advertisement. Under this interpretation, there would be no defects in the publication of the advertisements of the September 2015 tax sales.

In opposition to this, Gurdian argues that subsection (2) of the statute has long been held to require two advertisements for the judicial sale of immovable property. We agree.

This Court has previously held that subsection (2) of La. R.S. 43:203 is applicable to tax sales of immovable property and that two advertisements are required. *San Roman Enterprises, Inc. v. Plaisance*, 01-1082 (La. App. 5 Cir. 12/26/01), 806 So.2d 788, 790, *writ denied*, 02-0260 (La. 3/28/02), 812 So.2d 633. Gadrel correctly points out that this case was decided prior to the 2008 revisions to the laws concerning tax sales; nevertheless, the language of La. Const., Art. VII, Sec. 25(A) and La. R.S. 43:203(2) was not amended as part of the 2008 revisions and remains unchanged.

We conclude that the requirement of two advertisements for judicial sales is consistent with the Louisiana Supreme Court's recent decision in *Crescent City Prop. Redevelopment Ass'n, LLC v. Muniz*. In that case, the Supreme Court

granted writs in a case from the Fourth Circuit in which the panel determined that a tax sale of immovable property was an absolute nullity because the first advertisement for the sale was published on the thirtieth day prior to the tax sale, one day short of the thirty days required by the statute. *Crescent City Prop. Redevelopment Ass'n, LLC v. Muniz*, 20-0421 (La. App. 4 Cir. 2/10/21), 313 So.3d 406, 411, *writ granted*, *judgment rev'd*, 21-0371 (La. 6/1/21), 347 So.3d 682, *reh'g denied*, 21-0371 (La. 10/1/21), 324 So.3d 1057. In granting writs and reversing the judgment, the Supreme Court determined that the Fourth Circuit had incorrectly calculated the delay and that the advertisement in question had been in compliance with the statute. Though the Supreme Court did not directly consider the question of whether one or two advertisements were required for the judicial sale, the decision is predicated upon the application of subsection (2) to tax sales of immovable properties.

We find that subsection (2) of La. R.S. 43:203 applies to tax sales of immovable properties. Applying that provision in this case, the tax sale certificates for both Delaware Avenue properties are defective on their faces because they each state that the first advertisements for the September 17, 2015 tax sales were placed in newspapers published on August 19, 2015, less than the thirty days required by law.

*Action for Nullity*

Having established defects in the required pre-sale advertisements, we turn next to whether these defects are grounds for declaring the September 17, 2015 tax sales nullities.

La. R.S. 47:2286 states:

> *No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities*. The action shall be brought in the district court of the parish in which the property is located. In addition, the action may be brought as a reconventional demand or an intervention in an action to

quiet title under R.S. 47:2266 or as an intervention in a monition proceeding under R.S. 47:2271 through 2280.
(Emphasis supplied.)

Neither the payment nullity nor the La. R.S. 47:2162 prohibited buyer nullity are implicated in this case, which leaves only the redemption nullity. A redemption nullity is the right of a person to annul a tax sale in accordance with La. R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period. La. R.S. 47:2122(10); *Adair Asset Mgmt., LLC v. Turney*, 50,574 (La. App. 2 Cir. 5/4/16), 195 So.3d 501, 513, *writ denied*, 16-1347 (La. 11/7/16), 209 So.3d 97. A person is "duly notified" when effort is made to identify and provide that person with notice in accordance with the law. The record is clear that both the City of Kenner and Gadrel mailed notices to Gurdian in accordance with the law and those notices were received by Gurdian. Under the undisputed facts, Gurdian cannot prove a redemption nullity, and therefore as a matter of law, Gadrel is entitled to summary judgment dismissing Gurdian's action for nullity.

*Constitutionality of Post-2008 Tax Sale Statutes*

Gurdian next argues that the district court erred in granting the motion for summary judgment because the statutory scheme for tax sales provided in the La. R.S. 47:2121, *et seq.* is unconstitutional. Having found that Gurdian received actual notice of the sales, including notice mailed by the City of Kenner of the tax sales received by Gurdian on July 10, 2015, we find that Gurdian lacks standing to challenge the constitutionality of the post-2008 revisions to the law on tax sales. As the Louisiana Supreme Court has stated:

> [A] party has standing to argue that a statute violates the constitution only where the statute seriously affects the party's own rights. To have standing, a party must complain of a constitutional defect in the application of the statute to him or herself, not of a defect in its application to third parties in hypothetical situations.

> *In re Melancon*, 05-1702 (La. 7/10/06), 935 So.2d 661, 667.

Gurdian's arguments concerning the purported violation of his rights of due process under the Louisiana and United States Constitutions rest entirely upon the premise that, because the first of two required newspaper advertisements was published twenty nine days in advance of the tax sale rather than the required thirty days, he did not receive notice of the tax sale. This is hypothetical conjecture. The record includes copies of the letters for each Delaware property mailed to Gurdian in July of 2015, mailing receipts showing that a resident signed for and received those letters, and excerpts from Gurdian's deposition testimony wherein he stated that he received these letters. In reality, he is not in the position of a party who received no advance notice of the tax sale, and this Court declines to consider the merits of the hypothetical he presents.

**CONCLUSION**

We find that the Louisiana Constitution and La. R.S. 43:203(2) require two advertisements for the judicial sale of immovable property. We also find that La. R.S. 47:2286 allows tax sales to be set aside only for payment nullities, redemption nullities, or prohibited buyer nullities. The undisputed record indicates that Gurdian received mailed notice of the tax sales as required by law, and therefore he is unable to prove a redemptive nullity. Upon *de novo* review, we find no error in the trial court's judgment. Gadrel is entitled to summary judgment dismissing Gurdian's claims and Gurdian's cross motion for summary judgment was properly denied. Having found that Gurdian received actual notice of the tax sale in July of 2015, we find that he lacks standing to challenge the constitutionality of the post-2008 revisions to the laws on tax sales, and we decline to address the merits of his constitutional arguments. The judgment of the trial court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
<u>**OCTOBER 18, 2023**</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-572**

### <u>E-NOTIFIED</u>
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
JAMES E. USCHOLD (APPELLEE)          MARK J. BOUDREAU (APPELLEE)          SCOTT J. SONNIER (APPELLANT)
JUSTIN LESTER (OTHER)

### <u>MAILED</u>
RONALD S. BRYANT (APPELLEE)          JONAH FREEDMAN (APPELLEE)          PAUL W. PRITCHETT (APPELLEE)
ATTORNEY AT LAW                       ATTORNEY AT LAW                     ATTORNEY AT LAW
1615 POYDRAS STREET                   700 CAMP STREET                     700 CAMP STREET
SUITE 1250                            SUITE 316                           SUITE 317
NEW ORLEANS, LA 70112                 NEW ORLEANS, LA 70130               NEW ORLEANS, LA 70130